[No. 19257.  Department One.—February 28, 1894.]

## H. W. WOODWARD, RESPONDENT, *v.* JOHN McADAM ET AL., APPELLANTS.

PARTNERSHIP—MORTGAGE TO FIRM.—A mortgage made to a partnership under its firm name, where the names of two of the partners appear in the firm name, may be foreclosed by the assignee of the firm as against a grantee of the mortgagor for value.

ID.—IMPERFECT DESCRIPTION—ASCERTAINMENT OF INTENTION.—There is an important distinction between a description which is inherently uncertain and indeterminate and one which is merely imperfect and capable of different applications; the former cannot be corrected, but in the latter case there may be a resort to extraneous facts and circumstances to ascertain the individuals to whom the description was intended to apply; and the greater or less probability of ascertaining this does not affect the validity of the instrument.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*Wilcoxon & Bouldin,* and *J. W. Wilcoxon,* for Appellant.

The mortgage is void, as it is made to a fictitious mortgagee.  (2 Blackstone's Commentaries, 296; *Barr* v. *Schroeder,* 32 Cal. 609; 17 Am. & Eng. Ency. of Law, 959; Devlin on Deeds, sec. 51.)  A mortgagee capable of holding real estate must be named in every mortgage. (1 Hilliard on Mortgages, 5; Boone on Mortgages, sec. 29;

*Shirley* v. *Burch*, 16 Or. 83; 8 Am. St. Rep. 273.) A mortgage given to a partnership in its firm creates no lien. (*Tidd* v. *Rines*, 26 Minn. 201.) And the record of such imparts no notice. (*Sawyer* v. *Adams*, 8 Vt. 172; 30 Am. Dec. 459.)

*Cormac & Donohoe*, and *F. A. Dorn*, for Respondent.

It is sufficient in an absolute deed (*a fortiori* in a mortgage) if the grantee is denominated by the customary name, no matter what the true name may be. (*Garwood* v. *Hastings*, 38 Cal. 217; *Fallon* v. *Kehoe*, 38 Cal. 44; 99 Am. Dec. 347; *Middleton* v. *Findla*, 25 Cal. 80.) A conveyance of land (*a fortiori* a mortgage) to a partnership by the firm name vests the legal title in the partner whose name appears clothed with a trust for the benefit of the partnership. (3 Washburn on Real Property, 4th ed., 1876, p. 267; *Winter* v. *Stock*, 29 Cal. 407; 89 Am. Dec. 57.) A deed or mortgage to or by partners in the firm name is not void for uncertainty on proof of identity. (Clement's Bates' Law of Partnership, 295, sec. 296.)

PATERSON, J.—This is an action on a negotiable promissory note secured by a mortgage given by the defendant McAdam to Shoobert, Beale & Co., and by the latter assigned to this plaintiff. The court below granted a decree of foreclosure as prayed for, and from such decree the defendant Jackson, who is a grantee for value by deed from McAdam given subsequent to the mortgage, has appealed.

The point made is that the mortgagee is a fictitious person—that the mortgage having been made to a partnership doing business under a fictitious name, creates at most only an equity, and as against a subsequent grantee for value of the mortgagor establishes no lien.

There is no doubt that a partnership is not a person, either natural or artificial, and it cannot at law be the grantee in a deed or hold real estate. Legal title must vest in some *person*, but if the title be made to all the partners by name they hold the legal title as tenants in

common. In equity, however, a different rule prevails. There the real purpose for which the property was acquired is considered, and under the principles of trusts the court will regard real estate held for partnership purposes as personal property, so far as such holding may be necessary to settle the equities between a firm and its creditors, or between the partners themselves. None of the latter principles is involved in this action, however.

If the name of the grantee were purely fictitious, that is, if no person were named, it may be that the mortgage would be void, although there is respectable authority for holding that a mortgage may be enforced in the firm name. (*Foster* v. *Johnson*, 39 Minn. 380.) In the case at bar the names of two of the partners appear in the firm name. There is an important distinction to be drawn between a description which is inherently uncertain and indeterminate and one which is merely imperfect and capable of different applications. " To correct the one is, in effect, to add new terms to the instrument; while to complete the other is only to ascertain and fix the application of terms already contained in it. Indeed, the most usual and perfect description of the grantee—that which gives his Christian and surname, and the town in which he lives—may prove to be imperfect, as others bearing both those names may be living in the same town. And if the Christian name or place of residence be omitted the description is only rendered the more imperfect; it is less certain than it might be, and usually is, made. But a grantee is still designated, though imperfectly, and for aught that the deed discloses the party accepting the conveyance may be the only person answering the description given. In all these cases a resort to extraneous facts and circumstances may become necessary, in order to ascertain the individual to whom the description was intended to apply; but it is not perceived that the greater or less probability of this should, in either case, affect the validity of the deed." (*Morse* v. *Carpenter*, 19 Vt. 616.)

In *Moreau* v. *Saffarans*, 3 Sneed, 599, 67 Am. Dec. 582, it was held that real estate purchased by partners is to be regarded in respect to the legal title as an estate held by them as tenants in common, but subject to a trust for the benefit of the partnership until the partnership accounts are settled, and that a conveyance to "J. L. Saffarans & Co." would operate to invest John L. Saffarans, individually, with the entire legal title, but that in equity he would be treated as holding the legal title in trust for the benefit of the partnership. In *Menage* v. *Burke*, 43 Minn. 212, the court sustained a mortgage of real estate to "Farnham and Lovejoy" as legally sufficient as a mortgage to Sumner W. Farnham and James A. Lovejoy, it appearing that said persons constituted the firm of Farnham and Lovejoy. In *Foster* v. *Johnson*, 39 Minn. 380, the court explained *Tidd* v. *Rines*, 26 Minn. 201, cited by appellant, and held that in an action to foreclose a mortgage it was no objection that the mortgage ran to a partnership in its firm name. In *Holmes* v. *Jarrett, Moon & Co.*, 7 Heisk. 506, the court held that where the deed was made to Jarrett, Moon & Co., and it did not appear whether the firm was composed of Jarrett, Moon and others, or Jarrett Moon and others, the title would vest in Jarrett and Moon, or in Jarrett Moon, in trust for the partnership, and that the uncertainty arising from the omission of the Christian names of the grantees could be removed by parol proof. (See, also, *Brunson* v. *Morgan*, 76 Ala. 594.) In *Winter* v. *Stock*, 29 Cal. 407, 89 Am. Dec. 57, it was held that a conveyance of land to L. B. & Co. vests the legal title of the same in L. B. alone, and that his deed would give to his grantee a good and valid title.

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.