. [Civ. No. 818.   Second Appellate District.—July 5, 1910.]

## EDWARD S. TUTT, Respondent, v. WILLIAM J. DAVIS, Appellant, and JASPER DAVIS, Codefendant.

SPECIFIC PERFORMANCE—CONTRACT OF SALE—REAL ACTION—SERVICE OF SUMMONS BY PUBLICATION—JURISDICTION.—An action to enforce specific performance of a contract for the sale of real property is one to determine a right or interest in real property, within section 412 of the Code of Civil Procedure, and the service of summons therein may be made by publication thereof, and such service is sufficient to give the court jurisdiction of the action.

ID.—MOTION TO VACATE ORDER OF PUBLICATION—PROPER DENIAL.—The court did not err in denying a motion of the defendant to vacate the order for publication of the summons in such action.

ID.—EVIDENCE—MEMORANDUM OF CONTRACT—ASSIGNMENT—FAILURE TO RULE ON OBJECTIONS—EXTENT OF PREJUDICE—PROPER EVIDENCE— FINDINGS.—The extent to which defendant was prejudiced by the failure of the court to rule upon his objections to the admission in evidence of the memorandum of the contract of sale, and the assignment of it to plaintiff, is measured by the injury which would result from their improper admission. It is a sufficient answer to such failure that they were properly admitted, and that the findings are conclusive that they were received and considered in evidence.

ID.—MEMORANDUM A SUFFICIENT CONTRACT—SIGNATURE BY PARTY TO BE CHARGED—MUTUALITY—TENDER AND SUIT.—The memorandum was a sufficient contract on which to base the action. It named both parties, fixed the terms of sale, and was signed by the party to be charged. Mutuality attached by the tender and subsequent suit.

ID.—CERTAINTY OF CONTRACT—MODE OF SECURING DEFERRED PAYMENTS —VENDOR'S LIEN.—The contract was not rendered uncertain from failure to specify a method of securing deferred payments. In the absence of specific agreement by which deferred payments and the interest thereon are to be secured in the sale of real property, the law fixes the security through a vendor's lien.

ID.—TIME FOR DEED—LAST PAYMENT TO BE MADE OR TENDERED.—The law fixes the time for a deed in a contract for payment of the purchase money in installments, with interest on deferred payments when the last payment is made or tendered.

ID.—CONTRACT ASSIGNABLE BY PURCHASER.—The interest of the purchaser named in the contract of sale is assignable, and the assignment passes all of the interest of the purchaser to the assignee.

ID.—PURCHASE BY PARTNERSHIP IN FIRM NAME—ESTOPPEL OF VENDOR.—Where, the defendant, as vendor, dealt with a partnership

doing business by the firm name of the "Southern California Realty Co.," consisting of two partners, one of whom witnessed his signature to the contract, the defendant is not in a position to question the authority of the partnership to enter into the original contract *sought to be specifically enforced.*

ID.—REAL ESTATE FIRM—ASSETS DEEMED PERSONAL—AGENCY OF ONE PARTY TO ASSIGN IN FIRM NAME.—The partnership being for the purpose of dealing in real estate, as between the partners, in the settlement of their equities, the assets of the firm must be regarded as personal property; and the agency of one of the partners is a sufficient authority to execute an assignment of the contract in the firm name.

ID.—TENDER OF FINAL PAYMENT—DEMAND FOR DEED—DEMAND FOR POSSESSION NOT REQUISITE.—Where the final tender was made, no demand for possession was requisite. The demand for a deed, if complied with, would confer a right of possession without demand.

ID.—AGREEMENT NOT WITHDRAWN BY VENDOR—RETENTION OF MONEY PAID.—No withdrawal from the agreement by the vendor based upon a tender of the money received thereunder is made to appear. One cannot be said to have withdrawn from an agreement by simply expressing a desire or intention to do so, while he retains the consideration paid him on account of its execution.

ID.—LACHES NOT IMPUTABLE TO PLAINTIFF.—Laches cannot be imputed to plaintiff in bringing the action because of a delay of a little over three months after the cause of action arose before suit was brought, especially in view of the fact there is nothing in the record indicating any fluctuations in value between those dates.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank F. Oster, Judge Presiding.

The facts are stated in the opinion of the court.

Bert F. Mull, for Appellant.

A. C. Lawson, and Kendrick, Knott & Martin, for Respondent.

ALLEN, P. J.—The action was one for a decree requiring defendant to specifically perform a contract for the conveyance of real property. It is based upon an agreement between defendant and plaintiff's assignor, which is in the words and figures following:

"Long Beach, California, Oct. 26th, 1904.

"Received of Southern California Realty Co., one hundred ($100) dollars as deposit and part payment on the west 140 feet of lots 10, 12, in block 67 of the city of Long Beach, county of Los Angeles, state of California.

"Certificate of title to be furnished showing said property free of all encumbrances; also deed properly signed and executed.

"Price to be thirty-five hundred ($3500) dollars net to seller; terms, fifteen hundred ($1500) dollars cash, balance payable $1000 in one year and $1000 in two years, with interest at 7% on deferred payments.

"W. J. DAVIS.

"L. F. OAKES,
"Witness to Signature of W. J. Davis."

It is averred that Oakes subscribed his name as witness at the request of defendant Davis, and that the instrument, duly acknowledged so as to entitle it to record, was recorded in the records of Los Angeles county, state of California, on November 22, 1904; that on the date of the execution of the instrument L. F. Oakes and one Bixby were partners engaged in buying and selling real estate in Los Angeles county, and doing business under the firm name and style of the Southern California Realty Company. It is further averred that said firm paid the cash payment mentioned in the agreement; that the total consideration agreed to be paid for the property was the fair market value of the same at the time of the agreement, and was as to all parties fair, just and equitable. It is further averred that on November 21, 1904, notwithstanding defendant's failure to provide the certificate of title as specified, the firm tendered to defendant the balance of the cash payment; that on the 13th of December following such firm assigned and transferred to plaintiff the agreement, with all their right, title and interest to the property described, which said agreement is in the words and figures following:

"For value received we have assigned and set over, and do hereby assign and set over, all our right and interest in, to and under the within agreement to Edward S. Tutt.

"Dated this 13th day of December, 1904.

"SOUTHERN CALIFORNIA REALTY CO.,
"Per L. F. OAKES."

This assignment was indorsed upon said agreement executed by defendant Davis. Thereafter, on the dates fixed in the agreement for making the deferred payments, plaintiff tendered the amounts thereof, with interest as specified. in such agreement, and on the 26th of October, 1906, tendered to defendant the full sum of $3,400, with interest as specified, and demanded that defendant execute a deed conveying said property, which defendant has failed and refused to do. It is further averred that plaintiff is ready and willing, and has been at all times, to pay said purchase price, together with interest thereon, and the amount was brought into court and offered to defendant in payment thereof. That defendant Davis on August 14, 1906, made a pretended conveyance of said property to himself, in which he is designated as grantee therein under the name of Jasper Davis, but that said William J. Davis and Jasper Davis are one and the same person; that the deed was made without consideration, and for the sole purpose of annoying plaintiff and hindering and delaying the enforcement of the agreement held by plaintiff.

Issue was made as to all the allegations of the complaint. Upon the trial, the court found in favor of plaintiff, and that all the allegations of the complaint were true and the allegations of the answer untrue, and rendered a judgment and decree accordingly in plaintiff's favor, from which defendant William J. Davis appeals under the alternative method.

It is insisted by appellant that the substituted process shown to have been made in the action was insufficient to give the court jurisdiction. We think that in actions of this kind service of process may be made by publication. The action being one for the determination of a right or interest in real property (*Grocers' Union* v. *Kern etc. Co.*, 150 Cal. 473, [89 Pac. 120]) brings the same within section 412 of the Code of Civil Procedure. The rule is laid down in *Pennoyer* v. *Neff*, 95 U. S. 727: "In cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract respecting the same," constructive notice is held sufficient. In *Heidritter* v. *Elizabeth Oil Cloth Co.*, 112 U. S. 301, [5 Sup. Ct. Rep. 135], it is said that jurisdiction may be acquired "by the mere bringing of the suit in which the claim is sought to be enforced" against the property situate within the territorial jurisdiction; that

this "may by law be equivalent to a seizure, being the open and public exercise of dominion over it for the purposes of the suit"; all of which is quoted with approval in *Loaiza* v. *Superior Court,* 85 Cal. 34, [20 Am. St. Rep. 197, 24 Pac. 707]. We find no error in the action of the court denying the motion to vacate and set aside the order for publication of summons.

It is claimed that the trial court neglected to make a formal ruling upon objections to the admission in evidence of the memorandum and the written assignment. Conceding this to be true, the extent to which defendant could be prejudiced thereby is measured by the injury which would have resulted from their improper admission. The findings are conclusive that the instruments were received and considered in evidence, and we think that they were properly received. The memorandum was sufficient as a contract upon which to base the action. (*Bird* v. *Potter,* 146 Cal. 288, [79 Pac. 970].) Mutuality attached by the tender and subsequent suit. (Civ. Code, sec. 3388.) It is claimed that the memorandum was uncertain, in that the manner of securing the deferred payments did not appear. In the absence of specific agreement by which deferred payments are to be secured in the sale of real property, the law fixes the security through a vendor's lien. The law also determines that the time for delivery of the deed under a contract of this kind is when the last payment is made or tendered. We regard the agreement as an assignable one (Civ. Code, sec. 1458), and the assignment sufficient to pass the interest of plaintiff's assignor. Defendant, having dealt with the partnership, is not in a position to question its authority to enter into the original contract. (*Fresno Canal Co.* v. *Warner,* 72 Cal. 380, [14 Pac. 37]; *Yancy* v. *Morton,* 94 Cal. 560, [29 Pac. 1111].) The partnership being one for the purpose of dealing in real estate, as between the parties in the settlement of equities between themselves, the assets of the firm must be regarded as personal property (*Woodward* v. *McAdam,* 101 Cal. 440, [35 Pac. 1016]), and the agency of one of the partners a sufficient authority to execute the assignment in the firm name.

No demand of possession was requisite when final payment was tendered. The demand for a deed, if complied with, would confer right of possession without demand.

No withdrawal from the agreement based upon a tender of the money received thereunder is made to appear. One cannot be said to have withdrawn from an agreement by simply expressing a desire or intention so to do, while he retains the consideration paid him on account of its execution. The claim of appellant that he offered to refund the amount received by him is found by the court to be untrue.

Laches cannot be imputed to plaintiff in bringing the action, because of a delay of a little over three months after the cause of action arose before suit was brought, especially in view of the fact that there is nothing in the record indicating any fluctuations in value between those dates.

An examination of the record, or that portion thereof to which reference is made in the briefs, satisfies us that each and every finding of the court has support from the evidence.

Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 1, 1910.