[Civ. No. 1174. Second Appellate District.—December 9, 1912.]

## O. E. WINKLER, Respondent, v. FRANK JERRUE, Appellant.

ACTION FOR MONEY HAD AND RECEIVED—PAYMENT UNDER CONTRACT TO SELL LAND—RESCISSION—FALSE REPRESENTATIONS UNTENABLE AND TENABLE—MISREPRESENTING VALUE TO IGNORANT PLAINTIFF TENABLE.—In an action for money had and received, to recover money paid under a contract to sell land, sought to be rescinded for false representations, it is held that misrepresentations as to the fact that the defendant was not the owner of the property when the contract was made, and as to the fact that the rate of interest specified in the mortgage assumed by plaintiff was in excess of the rate represented, do not constitute such fraudulent representations as would entitle plaintiff to avoid the contract; but that misrepresentations as to the value of the property made by defendant to plaintiff, who was entirely ignorant of values, of which defendant had knowledge, amounted to such positive fraud as entitled plaintiff to rescind the contract, and recover the money paid.

ID.—ORIGINAL ORAL CONTRACT TAKEN OUT OF STATUTE OF FRAUDS.— Where it appears that the original contract of sale was oral, it was taken out of the statute of frauds, by part payment and delivery of possession thereunder, in which case it is as valid and binding

as if written. Any money to be finally paid thereunder must be contemporaneous with the delivery of the deed.

ID.—OWNERSHIP OF LAND AT TIME OF CONTRACT NOT REQUIRED.—The vendor, under an executory contract of sale, is not required to be the owner of the land at the date of the contract. The rule in this state is that, in every executory contract for the sale of land, there is an implied condition that the title of the vendor is good, and that he will transfer to the purchaser by his deed a title unencumbered and without defect. The vendor sufficiently complies with this obligation, if he can give good title when by the terms of his contract he is required to make conveyance at the time of final payment of the purchase money; and he has until that time to acquire a good title such as he contracted to convey.

ID.—MISREPRESENTATIONS AS TO RATE OF INTEREST SPECIFIED IN MORT-GAGE—RIGHT TO DEDUCT EXCESS FROM DEFERRED PAYMENTS—IN-JURY NOT RESULTING.—The misrepresentations as to the rate of interest specified in the mortgage to be assumed by the plaintiff, show no resulting injury, since if the mortgage shows upon its face an excess in the rate of interest, the plaintiff might deduct such excess from the deferred payments, and no injury would result therefrom. Fraud is never actionable, except there be a resulting injury.

ID.—REPRESENTATIONS AS TO VALUE OF PROPERTY—QUESTION WHEN OF FACT.—Representations as to the value of property may be representations of fact, or representations of opinion, depending largely upon the manner in which they are made. If, as matter of fact, they are made by one assuming to have knowledge of the value, based upon other declared statements of fact, to one ignorant thereof, the representations under such circumstances become representations of fact.

ID.—RECOVERY OF MONEY PAID FOR FRAUDULENT REPRESENTATIONS—RESCISSION — COMMON COUNT FOR MONEY HAD AND RECEIVED.—Where it appears that plaintiff had been but a short time in the state, and knew nothing of values therein, and that defendant knowing the property, misstated the same to plaintiff and supported it by a false statement that other property of like value had been sold for about the same sum, and fraudulently conspired with a third party to make a pretended offer for the same sum in the presence of plaintiff, the plaintiff, who relied upon such fraudulent representations, upon discovery of the fraud, was entitled to rescind the contract of sale, and to restore everything of value received thereunder, and may recover the money paid, under the common count for money had and received.

ID.—TENDER OF POSSESSION RECEIVED BY DEFENDANT—FAILURE TO OB-JECT THAT RENTAL VALUE OF USE WAS NOT TENDERED—WAIVER.—Where plaintiff tendered back the possession of the premises re-

ceived from defendant, and defendant accepted the same without objection, and the court found that plaintiff offered to restore everything of value received under the contract, and tendered possession, which was received by the defendant without demand for rent, or objection stated that it was not tendered, he thereby waived objection thereto, under section 1501 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Hatch, Lloyd & Hunt, and Harvey D. Cheney, for Appellant.

Amend & Amend, for Respondent.

ALLEN, P. J.—This action is for money had and received by defendant for the use and benefit of plaintiff. The answer is a denial of the allegations of the complaint, and further alleging that the money so paid was on account of a cash installment of the purchase price of certain real property, alleged to have been sold by defendant to plaintiff; and further, that in such purchase plaintiff assumed a certain mortgage lien and agreed to make further and additional payments at a specified time, aggregating the sum of five thousand three hundred dollars; that pursuant to such agreement plaintiff took and retained possession of said premises; further, that defendant is ready, willing, and able to convey good title upon payment of the balance due upon the purchase price.

The court finds that the money sought to be recovered was in fact paid on account of said purchase, but that the contract of purchase was procured through fraudulent representations in this, that defendant misrepresented the value of the property, of which value plaintiff was ignorant; that the representations made by defendant were that the property was of the value of five thousand five hundred dollars; that in fact at the time of the making of such representations said property had no value in excess of four thousand four hundred dollars; that, in addition, defendant represented to

plaintiff that certain other residence property in the vicinity had been sold for four thousand eight hundred dollars in cash, whereas in truth the same had been sold for three thousand eight hundred dollars, all of which defendant well knew, and which representations were made for the purpose of inducing plaintiff to buy said premises at the price of five thousand three hundred dollars; that defendant falsely stated that he had been offered five thousand three hundred dollars for the property by other persons, and that defendant falsely represented that the mortgage lien upon said premises drew but six per cent interest, when in fact the rate of interest was eight per cent; that defendant was not the owner of the premises and never had any title thereto, but, on the contrary, the same was the separate property of the wife of defendant; that defendant was never offered five thousand three hundred dollars for said premises, as by him represented to plaintiff; that while such offer was made to defendant in the presence of plaintiff, it was made by a person procured by defendant to make such offer for the purpose of inducing plaintiff to pay said price therefor; that plaintiff by reason of these misrepresentations and relying thereon was induced to make said purchase. The court further finds that the contract of purchase was oral and that no time was agreed upon between the parties for making deferred payments, other than the assumption of the mortgage; that plaintiff took possession of said premises under said agreement, but on the twenty-first day of June, 1910, after learning of the false representations, plaintiff refused to complete said transaction and tendered to defendant the possession of the house and lot and all things which he had received under said oral agreement, and demanded the return of the cash payment. Judgment was accordingly rendered in plaintiff's favor for one thousand and fifty dollars, with interest thereon from June 21, 1910. From this judgment, and from an order denying a new trial, defendant appeals upon a bill of exceptions.

It is contended by appellant that the fact that defendant was not the owner of the premises at the time when he made the contract, and that the rate of interest specified in the mortgage assumed was in excess of the rate represented, do not of themselves constitute such fraudulent representations as would entitle plaintiff to rescind or to avoid the contract

upon the grounds of fraud. With reference to these two representations, we are inclined to agree with appellant. There being a partial performance of the oral contract to the extent of the payment of part of the purchase price and the taking of possession thereunder, takes the case out of the statute of frauds (*Hill* v. *Den,* 121 Cal. 44, [53 Pac. 642]) ; and no time having been agreed upon for making deferred payments, such money is to be deemed payable upon delivery of the deed. (Civ. Code, sec. 1657; *Tutt* v. *Davis,* 13 Cal. App. 715, [110 Pac. 690].) The rule in this state is that in every executory contract for the sale of land there is an implied condition that the title of the vendor is good and that he will transfer to the purchaser by his deed of conveyance a title unencumbered and without defect, but the vendor sufficiently complies with this obligation if he is able to give good title at the time when by the terms of his contract of sale he is required to make a conveyance. Under this rule the defendant, while not the owner of the premises, was not required under the terms of the contract to make a conveyance until tendered the amount of the purchase money, until which time he possessed the right to acquire a good title such as he contracted to convey. (*Backman* v. *Park,* 157 Cal. 611, [137 Am. St. Rep. 153, 108 Pac. 686], and cases cited.) As to the misrepresentations with relation to the rate of interest specified in the mortgage, we think it sufficient to say that fraud is never actionable except there be a resultant injury. It is obvious that if a misrepresentation were made with reference to this rate of interest, plaintiff only assumed and agreed to pay two thousand three hundred dollars with interest at six per cent, as shown by the mortgage, and that if the mortgage upon its face was in excess of this amount, in principal or interest, he possessed the right to deduct from the deferred payments the amount of such excess, and we can conceive of no injury which would result.

This leaves, then, for consideration solely the effect which should be given the other misrepresentations as found by the court. It is a rule that ''the assertion of that which is not true must be of some fact not warranted by the information of the person making it, and cannot be held to include an opinion of the person, however erroneous such opinion may be, or with what degree of positiveness it may be asserted.''

(*Estate of Johnson,* 134 Cal. 663, [66 Pac. 848].) Standing alone, we are not inclined to the opinion that a mere statement of value can be accepted otherwise than as an opinion. However, representations as to value may be representations of fact or representations of opinion, depending largely upon the manner in which the representations are made. If, as a matter of fact, they are made by one assuming to have knowledge of the value based upon other declared statements of fact, to one ignorant thereof, it may be said that the representations under such circumstances become representations of fact. In the case at bar plaintiff is shown to have been but a short time within this state, entirely ignorant as to values of which defendant had knowledge; that defendant stated the market value of the property and supported the same by a false statement that other property of like character in the vicinity had been sold for approximately the same sum, and, in addition, had entered into a fraudulent conspiracy with another through which this third party was to make, and did make, a pretended offer of five thousand three hundred dollars for the premises, which offer, made in the presence of plaintiff, was not one in good faith, but was made solely for the purpose of inducing plaintiff to accept defendant's statement of value to be correct. Plaintiff relied upon these statements, representations, and inducements and accepted them as statements of fact, and we are of opinion that such statements under such circumstances amounted to a positive fraud. As said in *Bank of Woodland* v. *Hiatt,* 58 Cal. 237: "Appellant had a right to rely upon Strong's representations as to facts that were not within his (appellant's) knowledge, and Strong cannot escape responsibility by showing that appellant might have ascertained that such representations were untrue."

Appellant further contends that, assuming the fraud, no action of the character here sought could be maintained. That the common count for money had and received can be used to recover money by pleading fraudulent representations, was recognized at common law. (1 Chitty on Pleadings, sec. 364.) That such practice is permissible under our code is declared in *Minor* v. *Baldridge,* 123 Cal. 190, [55 Pac. 783]. The finding of the court that plaintiff offered to restore everything of value received under the contract and tendered possession,

made the rescission complete and entitles plaintiff to the aid of a court of competent jurisdiction in securing the results and fruits of the rescission. (*Loaiza* v. *Superior Court*, 85 Cal. 31, [20 Am. St. Rep. 197, 9 L. R. A. 376, 24 Pac. 707].)

It is insisted by appellant that the record disclosing that plaintiff had been in possession of the premises for more than a month under the contract, the rental of which was thirty-five dollars per month, such tender to be effectual should have included also a tender of the amount of rent. Assuming this to be true, defendant had full opportunity at the time to state his objections to the tender and made no demand for rent, nor did he question the amount of the tender when made, and we think that under section 1501 of the Civil Code he waived the same. ·(*Kofoed* v. *Gordon*, 122 Cal. 320, [54 Pac. 1115.]

Reviewing the record, then, we are of opinion that the judgment is supported by the findings, and that there is evidence in the record in support of the material findings, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.