[Civ. No. 17330.   First Dist., Div. Two.   Aug. 1, 1957.]

FRANK GATTUCCIO et al., Appellants, v. CLIFFORD R. KALLAM et al., Respondents.

Joseph F. Greco, L. G. Hitchcock and Fred S. Reinheimer for Appellants.

Rankin, Oneal, Luckhardt, Center & Hall and Frank I. Ford for Respondents.

DOOLING, J.—Plaintiffs appeal from a judgment awarding to defendants and cross-complainants Mona Chisholm and Clifford Kallam the sum of $10,000 held in escrow by defendant California Pacific Title Insurance Company.

In 1954 defendant and cross-complainant Chisholm, individually and as executrix of her deceased husband's estate, owned a ranch of approximately 360 acres. In August 1954 respondent Chisholm contracted to sell and appellants contracted to buy 108 acres of this ranch for $140,000. Respondent Kallam acted as real estate agent for the seller. Ten thousand dollars was deposited by the buyers as a down payment with the title company. The agreement of sale was afterwards modified by the parties in certain particulars. The agreement and modified agreement provided that in the event the buyers failed to complete the purchase the $10,000 deposit could be retained by the seller. In such event the seller agreed to pay Kallam one-half thereof as his commission.

Appellants refused to carry out the purchase and sued to quiet title to the $10,000 deposit. Respondent Chisholm cross-complained for the full $10,000 and respondent Kallam cross-complained for $5,000 thereof. Before the trial respondent sold 355 of the 360 acres to other parties for $200,000.

Appellants contend on appeal:

1. Respondent Chisholm did not suffer damages in the sum of $10,000 from the failure of the sale to appellants;

2. There was no evidence of the damages suffered by Kallam;

3. There was no evidence and no finding that it would be impracticable or extremely difficult to fix the actual damages;

4. The trial court erred in not allowing appellants to prove whether the new sale was for an amount in excess of the price agreed to be paid for the 108 acres by the appellants.

In support of their first point appellants rely on *Freedman* v. *Rector, Wardens & V. of St. Matthias Church*, 37 Cal.2d 16 [230 P.2d 629, 31 A.L.R.2d 1], holding that even though the breach of the buyer is wilful the seller cannot retain an amount paid by the buyer in excess of his actual damages. The rule can have no application here because the trial court found the actual market value of the property covered by the contract with appellants to be $121,115.50. The actual damages would therefore be $18,884.50, the difference between the sale price of $140,000 and the market value. (Civ. Code, § 3307.) Appellants attempt to challenge this finding

by pointing to some testimony of respondent Chisholm which they claim to be inconsistent therewith, but the finding is supported by the testimony of two other witnesses, Dutton and Ballard, and under the settled rule we must accept as true the evidence which supports the finding. ■ Under the trial court's findings the actual damages were over $18,000 and appellants cannot complain that respondents elected to take and the trial court awarded them only the $10,000 deposit since they might have retained the deposit as an off-set and recovered the balance of the damages. (*Royer* v. *Carter*, 37 Cal.2d 544, 547 [233 P.2d 539]; *Baffa* v. *Johnson*, 35 Cal.2d 36, 40 [216 P.2d 13].)

The last cited cases are also a complete answer to appellants' point 3. Since the actual damages were found to exceed the $10,000 deposit respondent Chisholm was entitled to it as a set-off whether the agreement was a valid one for liquidated damages or not. In *Royer* v. *Carter, supra,* the court said (37 Cal.2d, p. 547) : "Independently of any rights she may have had under the option clause itself [citation], plaintiff had the alternative right to retain the down payment as a setoff against her actual damages."

It is no concern of appellants that respondent Kallam proved no damages. His right was by contract with respondent Chisholm, the seller. She agreed to pay him one-half the deposit for his services. She is entitled to recover the full $10,000 in satisfaction of her damages which were in excess of that amount and Kallam's right to $5,000 thereof is a matter solely between respondent Chisholm and himself.

■ Appellants were permitted to prove the later sale of 355 acres for $200,000, but their inquiry into some of the details thereof was curtailed by the trial court. We fail to see how they suffered prejudice by this. The 108 acres had a higher value than much of the other acreage included in the later sale. Appellants made no offer of proof of the actual value of the other acreage and in the absence of proof of the value of the other acreage there would be no way to apportion the $200,000 between the other acreage and the 108 acres covered by the contract with appellants. Appellants, in the absence of an offer of proof showing the materiality of the inquiry, are in no position to complain of the court's ruling. (3 Cal.Jur.2d, Appeal and Error, § 159, p. 640.)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.