[Civ. No. 17797. First Dist., Div. Two. July 3, 1958.]

JOHN L. CAIN, Appellant, v. JAMES T. HUNTER, Respondent.

Rutledge & Patton and Virgil O'Sullivan for Appellant.

Noland, Hammerly & Etienne for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment in favor of defendant. On March 19, 1952, plaintiff and defendant signed a deposit receipt for the sale to plaintiff by defendant of a motel in Salinas for the total purchase price of $265,000. Plaintiff made a down-payment of $5,000. The deposit receipt provided for the payment of the purchase price in the following language: "The total purchase price is $265,000.00———Dollars and the balance of same is to be paid within ———— days from date hereof, as follows: Another $15000.00 to be paid 90 days from date of this deposit; mo. payments not exceed $2500.00 Total down payment to be $50,000.00 and balance of down payment to be completed by Sept. 1, 1952."

Immediately after the signing of the deposit receipt a conference was held at the office of Harry L. Noland, acting as attorney for respondent Hunter and Hunter's son who had negotiated the transaction as broker. Noland suggested the advisability of drafting a more formal contract and the terms of this more formal agreement were discussed. Thereafter such a document was prepared by Noland and submitted to appellant but never signed. Appellant by letter on May 28, 1952, demanded the return of his $5,000 deposit and by letter of June 5, 1952, Noland advised appellant that the owners were ready, able and willing to perform in accordance with the terms of the contract. Nothing further having been heard from appellant the motel was sold for the same price to another purchaser in July.

Appellant's action was for the return of the $5,000 deposit. It was in four counts. The first three counts pleaded the deposit receipt as a contract and alleged various breaches thereof by defendant. The fourth was a common count for money had and received. On appeal appellant relies only on the common count.

It is appellant's theory that the provision for monthly payments of the balance of $215,000, which reads "mo. payments not exceed $2500.00," is too uncertain to constitute the deposit receipt an enforceable contract and for that reason he

is entitled to the return of his deposit. (*Blake* v. *Mosher*, 11 Cal.App.2d 532 [54 P.2d 492].)

Appellant levels three attacks on the provision for monthly payments 1. the provision for payments not to exceed $2,500 provides a maximum but no minimum and for that reason the amount to be paid monthly is not agreed to with certainty; 2. no provision is made for the rate of interest on the deferred payments; and 3. no provision is made for the manner in which the payment of the balance is to be secured.

■ It is well settled that courts will give written agreements, if reasonably possible, a construction which will result in their being enforceable contracts. (Civ. Code, § 1643; *Roy* v. *Salisbury*, 21 Cal.2d 176, 184 [130 P.2d 706]; *Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158, 166 [88 P.2d 698, 89 P.2d 386]; *Burns* v. *Peters*, 5 Cal.2d 619, 623 [55 P.2d 1182]; *Bradner* v. *Vasquez*, 102 Cal.App.2d 338, 342-343 [227 P.2d 559].) ■ " 'That a greater degree or amount of certainty is required in the terms of an agreement which is to be specifically executed in equity than is necessary in a contract which is the basis of an action at law for damages' has often been declared." (*Long Beach Drug Co.* v. *United Drug Co., supra*, 13 Cal.2d 158, 164.) ■ On their face the words "mo. payment not exceed $2500.00" may be open to more than one construction. They might mean, as argued by appellant, that the exact amount was left to future agreement of the parties but in no event should exceed $2,500 per month, but that is not the only reasonable construction. They may as reasonably mean that the seller is entitled to demand monthly payments up to but not exceeding $2,500. The second construction makes the agreement certain and enforceable and under the authorities above cited is for that reason to be preferred. That construction is further supported by the conduct of appellant immediately following the signing of the deposit receipt. At the meeting at Noland's office on the same day Noland testified that the matter was discussed with appellant. Noland testified from the notes that he had made at that time. "The payments were to be twenty-five hundred dollars per month. . . . Then Mr. Cain brought up the matter of the payments, this twenty-five hundred dollar payment, whether or not it might—in the winter months it might be too much; and I think it was my suggestion or at least we talked it over that we might put in an option. As a matter of fact I have written here option to pay for the

months of April, May, June, July, and August, and September, three thousand, a minimum of three thousand, and for the other six months a minimum of two thousand, rather than twenty-five hundred straight through.'' The trial court was entitled to find from this evidence that appellant understood and admitted immediately after the execution of the deposit receipt that he had bound himself to pay $2,500 per month.

In case of ambiguity the construction put on the contract by the parties themselves before any controversy has arisen is persuasive of its proper construction and may be looked to by the courts. (*Barham* v. *Barham*, 33 Cal.2d 416, 423 [202 P.2d 289]; *Johnson* v. *Landucci*, 21 Cal.2d 63, 71 [130 P.2d 405, 148 A.L.R. 1355]; *Caminetti* v. *National Guar. Life Co.*, 56 Cal.App.2d 92, 96 [132 P.2d 318]; 12 Cal.Jur.2d, Contracts, § 129, p. 341.)

The case of *Union Liquors, Inc.* v. *Finkel & Lasarow, Inc.*, 44 Cal.App.2d 706 [113 P.2d 19], relied upon by appellant, is factually different and is not a controlling authority in this case.

The contract contains no provision for interest on deferred instalments. ''It is the generally well settled rule that where a contract makes no provision for the payment of interest no interest can be charged or collected prior to the time that payment falls due.'' (*Upton* v. *Gould*, 64 Cal.App.2d 814, 817 [149 P.2d 731] and cases cited 817-818.) The failure to mention interest at all does not therefore create any uncertainty.

The contract is equally silent on the subject of security. Where a contract makes no provision for security it is not thereby rendered uncertain. The law furnishes the security of a vendor's lien (Civ. Code, § 3046) and if the contract is silent on the subject, as this one is, no obligation to furnish any other or different security is cast on the buyer. ''It is claimed that the memorandum was uncertain, in that the manner of securing the deferred payments did not appear. In the absence of specific agreement by which deferred payments are to be secured in the sale of real property, the law fixes the security through a vendor's lien.'' (*Tutt* v. *Davis*, 13 Cal.App. 715, 719 [110 P. 690].)

Appellant complains that the court made no express finding that the contract was certain in the particulars challenged. The court found the allegation of the first count of appellant's complaint to be true, that on March 19, 1952, the parties entered into a contract in writing whereby it is mutually agreed that defendant should sell to plaintiff and

plaintiff should buy from defendant the described property on the terms provided in their agreement which was attached to the complaint. Appellant complains that while the court so found it failed to find that the contract was "enforceable." If it was not enforceable it was not a contract. ■ The findings must be liberally construed to support the judgment (*Richter* v. *Walker,* 36 Cal.2d 634, 639-640 [226 P.2d 593]) and it is clear in this case that the trial court decided against appellant on his claim of uncertainty.

■ Appellant argues that since there were other owners of the property in addition to defendant, who did not sign the deposit receipt, it was not a binding contract. It is sufficient answer that no such question was argued to the trial court and it is too late to raise it for the first time on appeal. (*Barrera* v. *De La Torre,* 48 Cal.2d 166, 172 [308 P.2d 724]; *Townsend* v. *Wingler,* 114 Cal.App.2d 64, 68 [249 P.2d 613].) If the point had been raised below respondent might well have produced evidence that he was legally authorized to bind his co-owners in this transaction.

■ The court found that by appellant's breach respondent had suffered damages in excess of $5,000. No attack is made on this finding which is supported by the evidence and defendant is entitled to retain the deposit as a setoff against the damages. (*Royer* v. *Carter,* 37 Cal.2d 544, 547 [233 P.2d 539]; *Gattuccio* v. *Kallam,* 153 Cal.App.2d 55, 57 [314 P.2d 178].)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.