# BURLEY-WINTER POTTERY CO. v. ONKEN BROS. & WEST CO.

(No. 924; Decided Sept. 22, 1919; 183 Pac. 747.)

FRAUDS, STATUTE—SUFFICIENCY OF MEMORANDUM OF SALE.

1. A memorandum of sale which does not satisfy the statute of frauds, is inadmissible in evidence in an action for breach of a sales contract.

2. A memorandum of sale in order to satisfy the statute of frauds, must contain the substantial terms of the contract, expressed with such certainty that they may be understood from the contract itself, or some other writing to which it refers, without resorting to parol evidence, and when reference is made in the memorandum to another writing, it must be so clear as to prevent the possibility of one paper being substituted for another.

3. A sales order describing the subject matter of the contract as "1 car stoneware as per orders shown for same" is too

indefinite to fulfill the requirements of the statute of
frauds, and was properly excluded from evidence.

Appeal from District Court, Sheridan County; Hon.
James H. Burgess, Judge.

Action by Burley-Winter Pottery Co. against Onken Bros.
& West Co. There was a judgment for defendant and
plaintiff appeals. Material facts are stated in the opinion.

*Metz and Sackett,* for appellant.

The defense was the statute of frauds (3752 C. S.) ; ob-
jection was made to the introduction of a memorandum of
sale on the ground of uncertainty; parol evidence is admis-
sible to ascertain the nature and quality of the subject mat-
ter of sale (Greenleaf 288; Hurley S. Brown, 98 Mass.
545; Haskell Tukesberry, 92 Me. 551; Henderson v. Cole-
man, 19 Wyo. 183). Evidence that a named person was in
charge of and conducting a business is competent to show
agency. The memorandum offered is sufficient (Colrick
v. Hopper, 3 Ind. 348.) Evidence was admissible to com-
plete the description (Howard v. Adkins, 167 Ind. 184; 78
N. E. 665).

*Lonabaugh and Wenzell,* for respondent.

The memorandum of sale was clearly insufficient to satisfy
the statute of frauds; a sale memorandum must contain the
essential details, which are: 1st, the parties; 2nd, the sub-
ject matter; 3rd, the agreement on both sides; and, 4th,
the price (Taylor v. Scott Co., 178 Ill. App. 487; Selvage
v. Talbot, 33 L. R. A. N. S. 973, 20 Cyc. 258; Grafton v.
Cummings, 99 U. S. 100; Watt v. Cranberry Co., 18 N. W.
898; Paul v. Graham, 160 N. W. 616; Kling v. Borden,
61 N. E. 148). There was no evidence of delivery. The
second cause of action is for prepaid freight, but there is no
evidence that defendant ever requested anyone to pay
freight. No one can create himself a creditor of another
by the unsolicited payment of a debt (Elliott Cont. 677).
Every person is bound at his peril to ascertain the authority
of an agent he deals with (2nd Meacham on Agency, 1721.).

The authorities cited by appellant are not in point, being from the states of Maine and Indiana, and decided under statutes differing from Wyoming.

Beard, Chief Justice.

In this case the appellant was plaintiff, and the respondent was defendant in the district court, and will be referred to as plaintiff and defendant. The plaintiff in its amended petition, for a first cause of action, after alleging the corporate capacity of each of the parties, alleged in substance and effect that it was engaged in the manufacture and sale of crockery, pottery, glassware, and other articles of like character, in the city of Crooksville, State of Ohio. That on or about April 7, 1914, it sold and delivered to the defendant at defendant's request certain articles of merchandise and other property, at the agreed price of $278.50. In the petition was set out an itemized account of goods amounting to $284.25, followed as follows:

"Less ¼c per gallon on 4987 gallons.....$12.47
Less 10% on $32.63 Specialties......... 3.28  $ 15.75
                                              ─────────
                                              $268.50
Two stop-off charges prepaid.................. 10.00
                                              ─────────
                                              $278.50"

That defendant promised and agreed to pay for said merchandise within a reasonable time after delivery thereof; that said reasonable time had long since expired and said defendant had not paid the same or any part thereof.

For a second cause of action it alleged, that defendant purchased and plaintiff delivered the merchandise set forth in the first cause of action, at which time the plaintiff, at defendant's request, shipped said goods to defendant, by freight, from Crooksville, Ohio, to the towns of Riverton and Lander, Wyoming; that defendant agreed to pay plaintiff the freight charges upon said goods, in the sum of $589.58, within a reasonable time after said shipment was made; that plaintiff, at defendant's request, prepaid said

freight in said sum; that defendant had refused and neglected to pay the same. Plaintiff prayed judgment for $868.08, with interest from May 1, 1918, at 8% per annum.

For answer, defendant denied each and every allegation contained in said petition, except that defendant was a corporation.

For a second defense, defendant pleaded certain new matter, which was denied by the reply. But, as the defendant introduced no evidence, that issue is not in the case here.

It is conceded that the first cause of action comes within the statute of frauds, which reads as follows: "Any contract for the sale of goods, chattels or things in action for the price of fifty dollars or more, shall be void, unless: First— A note or memorandum of such contract be made in writing and be subscribed by the party to be charged thereby; or, Second—Unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action; or, Third—Unless the buyer shall at the time pay some part of the purchase money." The plaintiff offered in evidence a written order in words and figures as follows:

"Onken Bros. & West Co., Inc.
"Wholesale Grocers
"Sheridan and Casper, Wyoming.
"Burley & Winter Pottery Co.,
"Crooksville, Ohio.
"Please Enter Our Order as Follows:
"Ship to Sheehan & Fisher          At Lander, Wyo.
Via C. & N. W. R. R.          F. O. B. Crooksville, Ohio.
On all Shipments forward original invoice and bill of lading
to Sheridan and Duplicate to Casper

| Amount | Size | Article | Price Quoted |
|---|---|---|---|
| 1 | Car | Stoneware as per orders shown for same. at ¼ ct per gal. less than Prices sold at. | |

"Onken Bros. & West Co.,
"Successors to J. E. West Co., Inc.
"Per E. W. Elder."

Defendant objected to the introduction of the order for the reasons, 1, "That it is not shown that the person signing the same had any authority to give the order. 2, That the alleged order is void for uncertainty, and is incompetent, irrelevant and immaterial. 3, That the alleged order wholly fails to disclose the price at which the goods pretended to be described therein are to be sold. 4, The said order wholly fails to describe the subject matter thereof in that there is no sufficient description of the goods sold. 5, The order is void under the Statute of Frauds for the reason that the value of the goods exceeds fifty dollars."

The court reserved its ruling on the objections until the close of plaintiff's evidence, whereupon the defendant moved the court to dismiss the action on numerous grounds, the substance of which were, that no valid contract of sale was proven; that there was no evidence of a delivery of the goods, and that the order offered in evidence was void for insufficiency of description of the goods; no price stated; that the evidence disclosed that the order did not contain all of the contract and that the contract in question was for the sale of goods of the value of more than fifty dollars. The court sustained the objection to the introduction of the order offered in evidence, and sustained the motion to dismiss the action and rendered judgment against plaintiff for costs. Plaintiff appeals.

If the order which plaintiff offered in evidence was not such a memorandum of the contract as required by the statute of frauds, its exclusion by the court was correct, and the judgment should be affirmed. The correct rule for the construction of such memorandum, as we understand it to be, is well stated in Waul v. Kirkman, 27 Miss. 823, where it is stated: "The rule upon this point is well settled to be that the memorandum, in order to satisfy the statute, must contain the substantial terms of the contract, expressed with such certainty that they may be understood from the contract itself, or some other writing to which it refers, without resorting to parol evidence. * * * And when reference is made in the memorandum to another writing, it

must be so clear as to prevent the possibility of one paper being substituted for another." See also Willis v. Ellis, 98 Miss. 197, 53 So. 498, 1913 Ann. Cas. 1039; Wineburgh v. Gay, 27 Cal. App. 603, 150 Pac. 1003, and cases cited in the opinion; Cushing et al. v. Monarch Timber Co., 75 Wash. 678, 135 Pac. 660, 1914C, Ann. Cas. 1239; Campbell et al. v. Weston Basket & Barrel Co., 87 Wash. 73, 151 Pac. 103; Solomon v. McRae, 9 Colo. App. 23, 47 Pac. 409. In 20 Cyc. 258, the rule is stated: "In order to render an oral contract falling within the scope of the statute of frauds enforceable by action, the memorandum thereof must state the contract with such certainty that its essentials can be known from the memorandum itself, or by reference contained in it to some other writing, without recourse to parol proof to support them." A long list of authorities will be found in the notes to that statement of the rule. In the case at bar the description of the subject matter of the contract is too indefinite to fulfill the requirements of the statute. "1 Car Stoneware", may mean any kind or several kinds of stoneware, and the property could not be identified without other evidence. Nor does the additional statement, "as per orders shown for same", render the description of the property any more definite. The names of the parties giving the orders are not stated; but if that had been done, the orders referred to were not offered in evidence. The order offered in evidence not being such a memorandum as is required by the statute, it was properly excluded. In addition to the insufficiency of the memorandum, there was no competent evidence of a delivery. The only evidence of a delivery was the testimony of the salesman who took the order that to the best of his knowledge the goods, the carload, was shipped according to the orders he had taken. But he admitted he had no personal knowledge of the shipment; was not present, and, in fact, knew nothing about the shipment.

As to the second cause of action, there was no competent evidence of the payment of any freight by the plaintiff. The evidence offered on that branch of the case being the same as on the question of delivery. The plaintiff having failed to

prove its case by competent evidence, the judgment is
affirmed.                                         *Affirmed.*

POTTER and BLYDENBURGH, JJ., concur.