[No. 19303. Department Two.—February 20, 1894.]

F. L. TALMADGE, RESPONDENT, *v.* THE ARROW-HEAD RESERVOIR COMPANY, APPELLANT.

ARBITRATION—POWER OF ATTORNEY.—A power of attorney to purchase lands for a corporation does not authorize the submission to arbitration of the matter of fixing the price to be paid for the land.

ID.—DELEGATION OF AUTHORITY BY AGENT.—An agent cannot delegate his authority to another unless he is especially authorized to do so.

ID.—POWER OF SUBSTITUTION.—A power of substitution and revocation contained in a power of attorney only authorizes the agent to substitute another to take his place and perform his duties as agent for the princi-

pal, and does not authorize him to substitute the judgment of another
for his judgment while acting as agent.

ID.—CONTRACT—CERTAINTY.—No action will lie to enforce the performance
of a contract, or to recover damages for its breach, unless it be complete
and certain as to price, as well as to subject matter and parties.

APPEAL from a judgment of the Superior Court of
San Bernardino County.

The facts are stated in the opinion.

*H. C. Rolfe,* and *F. B. Daley,* for Appellant.

*Willis, Cole & Craig,* for Respondent.

BELCHER, C.—It is alleged in the complaint in this
case that in April, 1892, the plaintiff and defendant en-
tered into a written agreement, which is set out in full,
and the material parts of which are as follows: "Whereas,
the Arrowhead Reservoir Company, a corporation organ-
ized and existing under the laws of the state of Kentucky,
and doing business in the county of San Bernardino,
state of California, is desirous of purchasing from F. L.
Talmadge" the east half of a certain sixteenth section
of land in San Bernardino county; and "whereas, said
parties cannot agree among themselves as to the exact
amount to be paid and received for said premises: Now,
therefore, we, the undersigned, . . . . do hereby submit
said controversy to the arbitrament of" five men, two
chosen by each of the parties named, and one to be
chosen by the said four, " and we do mutually covenant,
promise, and agree, to and with each other, that the
award to be made by said arbitrators, or a majority of
them, shall in all things by us, and each of us, be well
and faithfully kept and observed, and that said arbitra-
tors shall fix the amount or value of said premises, . . . .
which said amount said Arrowhead Reservoir Company
promises and agrees to pay to said F. L. Talmadge within
thirty days after said arbitrators have delivered to said
company their decision therein; and the said Frank L.
Talmadge promises and agrees, upon receiving the
amount so fixed by said arbitrators of said property,

that he will then and there give to said Arrowhead Reservoir Company a duly executed grant deed, conveying to said company the legal title to the property hereinbefore described. And that the value fixed upon said property by said arbitrators shall be final between the parties hereto, and that neither party hereto shall appeal to or resort to any court from the decision of said arbitrators. And that said award be made in writing under the hands of said arbitrators, or a majority of them, and ready to be delivered to said parties in difference, or such of them as shall desire the same, on or before the first day of June, 1892. . . . . And it is hereby stipulated and agreed that this submission to arbitration shall be entered as an order of the superior court in and for the county of San Bernardino, state of California." The agreement is signed: "The Arrowhead Reservoir Co., by Adolph Wood, Vice-President and General Manager. F. L. Talmadge."

It is further alleged that the four so-called arbitrators, chosen by the parties, chose a fifth, and that on May 12, 1892, all of said five men met to consider the matter submitted to them, and both plaintiff and defendant appeared before them, and produced and submitted evidence as to the value of the premises, and were fully heard; that thereafter, on May 13, 1892, a majority of them fixed the value of the said premises at eighteen thousand dollars, and made their decision in writing, a copy of which is set out; that the decision was, on the day of its date, delivered to the plaintiff and defendant, and thereafter, on June 8, 1892, the plaintiff offered and tendered to the defendant a duly executed grant deed, conveying to defendant the legal title to said property, upon payment to him of the sum of eighteen thousand dollars, and again, a week later, made the same offer and tender, and demanded of defendant the said sum, but defendant then refused, and still refuses, to receive the said deed, or any deed, of the said premises, or to pay to plaintiff the said sum; and that plaintiff is still ready and willing to deliver said deed, and to transfer

and convey the legal title to said property to the defendant upon payment to him of the said sum of eighteen thousand dollars. Wherefore, he demands judgment against the defendant for the sum of eighteen thousand dollars with interest and costs.

The answer denies most of the averments of the complaint, and, among other things, that defendant ever entered into any agreement with the plaintiff in reference to the purchase of the described land, or any other land, or ever entered into the agreement set forth in the complaint, or ever agreed or stipulated in writing to purchase said property, or any part of it, or ever agreed to submit the price of it to arbitration or otherwise.

At the trial the plaintiff offered in evidence a state patent to himself for the land described in the complaint, and a power of attorney to Adolph Wood, executed May 27, 1891, by the president and secretary of the defendant company, in pursuance of a resolution of its board of directors, and also the two other papers above referred to as set out in the complaint. By the power of attorney the company made, constituted, and appointed Wood "its true and lawful attorney for it, and in its name, place, and stead, and for its use and benefit, in said state of California, to bargain, contract, agree for, purchase lands, tenements, hereditaments, which in his judgment may be required or necessary for the company's business, and to receive and take such property, and all deeds and assurances therefor; and in case land is purchased by said company, and the entire purchase money is not paid therefor in cash, to mortgage such lands for the balance of purchase money upon such terms and conditions, and under such covenants, as he shall think fit, and to deliver and execute such instruments in writing as may be necessary or proper in the premises, . . . . giving and granting unto its said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents, as said corporation might or could do if per-

sonally present by its board of directors and corporate officers, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney or his substitutes shall lawfully do or cause to be done by virtue of these presents." The defendant objected to all the offered evidence upon the ground that it was irrelevant and immaterial, and to the power of attorney upon the ground that it did not confer any power to make the submission, and also to the power of attorney and the agreement and award set out upon the further ground that the complaint did not state a cause of action, for the reason that it did not show any case for submission to arbitration, or any compliance with the statute in regard to arbitrations, or that any contract had ever been made between plaintiff and defendant for the purchase of any land, or upon which any civil action could have been brought or maintained by either party. The court sustained the objection that the complaint did not state a cause of action, and rendered judgment for the defendant, from which the plaintiff appeals.

It is not, in our opinion, necessary to consider the question as to whether the complaint stated a cause of action or not, or as to whether the agreement, if authorized, constituted a statutory or common-law submission to arbitration (*Church* v. *Seitz*, 74 Cal. 287); for if, as claimed by respondent, the power of attorney did not authorize Wood to submit to third parties the matter of fixing the price to be paid for the land, then there was no completed contract which was binding upon, or enforceable against, either party. It is well settled that no action will lie to enforce the performance of a contract, or to recover damages for its breach, unless it be complete and certain; and the rule applies as well to price as to subject matter and parties. (*Association* v. *Phillips*, 56 Cal. 539; *Breckinridge* v. *Crocker*, 78 Cal. 529, 21 Pac. Rep. 179.) It is also a general rule of law that an agent cannot delegate his authority to another, unless he is specially authorized so to do. (Mecham on Agency, secs. 184–86; Angell and Ames on Corpo-

rations, sec. 277.) Wood did not sign the agreement as the attorney in fact of the corporation, but as vice-president and general manager, and it does not appear that he held either of those positions, nor, if he did, what were his powers as such. Waiving that objection, however, and still it only appears that he was authorized "to bargain, contract, agree for, purchase lands, tenements, hereditaments, which, in his judgment, may be required or necessary for the company's business," "with full power of substitution and revocation."

It is contended for appellant that the power of substitution conferred authority to submit to the so-called arbitrators the matter of appraising the land and conclusively fixing its price, and that, when the appraisement was made and delivered to the parties, the contract was complete. This contention cannot, in our opinion, be sustained. Wood was authorized only to substitute another to take his place and perform his duties as attorney or agent for the principal, not to substitute the judgment of another for his judgment while he was still acting as agent, and himself performing the duties pertaining to his position; but even if he had the right to substitute another to make the appraisement and fix the price, still he certainly had no right to agree that his principal should be bound by an appraisement not made by his substitute, but by other persons. Here it appears that the appraisement was made and concurred in by only three of the so-called arbitrators, namely, the two chosen by appellant, and the fifth chosen by the other four. Under these circumstances, it is clear that no price for the land was ever agreed upon by the contracting parties, and no enforceable contract was ever made. It follows that the judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

The COURT. —For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Hearing in Bank denied.