[Civ. No. 1545. Second Appellate District.—June 11, 1915.]

E. WINEBURGH, Appellant, v. JOHN H. GAY, Respondent.

CONTRACTS—MEMORANDUM OF LEASE—STATUTE OF FRAUDS—UNCER-
TAINTY.—A memorandum reading as follows:

"Dated June 25, '10.

"Mr. E. Wineburgh:

"I will lease to you the stores now occupied by the Union Title
& Trust Co. for 5 years, beginning Jan. 1, 1911. 250. for the first
two years and 275.00 for the following three years. Usual clauses
in lease to rebuilding.

"John H. Gay."

is too uncertain to form a basis for that meeting of minds or mutual
assent which is necessary to constitute a contract, and is also in-
sufficient for the further reason that the terms of the proposed
agreement are not stated in the writing with sufficient certainty to
satisfy the requirements of the statute of frauds.

ID.—SPECIFIC PERFORMANCE—DAMAGES—ESSENTIALS OF CONTRACT.—
No action will lie to enforce the performance of a contract, or to
recover damages for its breach, unless it be complete and certain;
and the rule applies as well to price as to subject-matter and parties.

ID.—ESSENTIALS OF MEMORANDUM.—To satisfy the statute of frauds a
memorandum must contain the essential terms of the contract ex-
pressed with such a degree of certainty that it may be understood
without recourse to parol evidence to show the intention of the
parties.

ID.—ACTION FOR DAMAGES—BREACH OF AGREEMENT TO EXECUTE LEASE
—PLEADING—INSUFFICIENT COMPLAINT.—A complaint in an action
to recover damages claimed to have been suffered by reason of the
neglect and refusal of the proposed lessor to enter into an agree-
ment of lease pursuant to the terms of the above memorandum, fails
to state a cause of action, where it appears from the allegations
of the complaint that the parties had not completed, but were still
continuing, their negotiations in respect as to whether the clause in
the memorandum having reference to the right of rebuilding was
intended to apply only in the event of the destruction of the build-
ing by some disastrous action of the elements, or under other con-
ditions, and also as to whether the right of rebuilding was to be
absolute, or under some provisions protecting the lessee's property
and business.

APPEAL from a judgment of the Superior Court of the
County of San Diego. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

A. J. Morganstern, for Appellant.

James E. Wadham, and Wadham & Cosgrove, for Respondent.

CONREY, P. J.—This appeal is from a judgment in favor of the defendant, after an order sustaining his demurrer to the amended complaint. and is presented on the judgment-roll.

From the amended complaint it appears that on June 25, 1910, John H. Gay, owner of two store-rooms in the city of San Diego, signed and delivered to appellant a memorandum reading as follows:

"Dated June 25, '10.

"MR. E. WINEBURGH:

"I will lease to you the stores now occupied by the Union Title & Trust Co. for 5 years, beginning Jan. 1, 1911. 250. for the first two years and 275.00 for the following three years. Usual clauses in lease to rebuilding.

"JOHN H. GAY."

It is alleged that it was understood by both parties that the memorandum was intended to state that the rental was to be two hundred and fifty dollars per month during the first two years of the proposed term, and two hundred and seventy-five dollars per month during the three following years. The complaint does not directly allege acceptance of the proposition set forth in the memorandum. But it is alleged that on June 27, 1910, plaintiff caused to be prepared and submitted to defendant a form of contract incorporating "the desired provisions" to be contained in the lease. This was not accepted by the defendant. Thereafter, on July 2, 1910, defendant prepared a form of lease which "contained a provision which was unacceptable to plaintiff, and which said provision defendant admitted had been improperly included in said form of lease, which said provision was to the effect that the said lease should be terminated in event that defendant desired to remodel said building." It is alleged that plaintiff has continuously sought to procure from defendant a lease under the terms mentioned in said memorandum, and is ready and willing,

etc., but the defendant has neglected and refused and has continued to neglect and refuse to enter into said agreement of lease, or to lease to plaintiff the said property in pursuance with said memorandum.

It is alleged that the rental value of the property is four hundred dollars per month, and by this action the plaintiff seeks to recover damages which he claims to have suffered by reason of the breach of said agreement.

The complaint failed to state a cause of action. The memorandum signed by the defendant was too uncertain to form a basis for that meeting of minds or mutual assent which is necessary to constitute a contract. It is insufficient for the further reason that the terms of proposed agreement were not stated in writing with sufficient certainty to satisfy the requirements of the statute of frauds. (Civ. Code, sec. 1624, subd. 5.) Assuming that the figures "250" and "275.00" were intended to specify a sum of money in dollars, the writing does not show whether the payments thus noted were annual payments or monthly payments. And if it were shown as alleged here, that the understanding of the parties was that these were to be monthly payments, we have remaining the fact that the phrase, "usual clauses in lease to rebuilding," is uncertain; and the complaint does not allege what, if any, were the usual or customary clauses in leases with respect to rebuilding of such premises in that vicinity at or about that time or at all. "It is well settled that no action will lie to enforce the performance of a contract, or to recover damages for its breach, unless it be complete and certain; and the rule applies as well to price as to subject-matter and parties." (*Talmadge* v. *Arrowhead R. Co.,* 101 Cal. 367, 371, [35 Pac. 1000].) "To satisfy the statute of frauds a memorandum 'must contain the essential terms of the contract expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties.' (5 Browne on Statute of Frauds, sec. 371.) In *Breckenridge* v. *Crocker,* 78 Cal. 529, [21 Pac. 179], the court said: 'The memorandum must contain all the material elements of the contract.' " (*Seymour* v. *Oelrichs,* 156 Cal. 782, 787, [134 Am. St. Rep. 154, 106 Pac. 88.].)

It is a plain inference from the facts pleaded, that the instruments proposed and tendered by appellant and re-

spondent, respectively, after June 25, 1910, were made in the course of an endeavor to complete their negotiations for a lease, and especially to reach an agreement upon the undetermined clause which had reference to the right of rebuilding. Whether such rebuilding clause was to apply only in the event of destruction of the building by some disastrous action of the elements, or under other conditions; and whether the lessor's right of rebuilding was to be absolute, or under some provisions protecting the lessee's property and business; these and other possible questions, were not settled by the memorandum of June 25, nor by any subsequent agreement. In this condition of affairs between the parties, the alleged fact that the plaintiff "has continuously and diligently sought to procure from defendant a lease to said premises" is not an allegation of demand for performance of the alleged contract of June 25, 1910, but merely describes efforts to continue negotiations looking toward the completion of an agreement which would define the terms of such contract.

The allegation that on June 27, 1910, plaintiff submitted to defendant "a form of contract incorporating the desired provisions to be contained in said lease," is far from a statement that the document thus offered was designed to be a fulfillment of a previously prefected agreement. It implies, on the contrary, that the parties were still in process of arriving at an agreement upon matters which they respectively desired.

We think that the demurrer was properly sustained. The judgment is affirmed.

James, J., and Shaw, J., concurred.