[Civ. No. 5222. Second Appellate District, Division Two.—May 9, 1929.]

CURTIS T. SCHREYER, Respondent, v. C. R. FOSTER et al., Appellants.

Hewitt, Ford & Crump for Appellants.

Robert E. Austin and John N. Helmick for Respondent.

THOMPSON (IRA F.), J.—The defendants appeal from a judgment rendered against them and in favor of plaintiff in the sum of $1500. The testimony of the respondent's witnesses establish the following situation: The appellants owned and operated an agency for Chevrolet automobiles at Watts and Compton. During the month of December, 1923, the respondent and Clyde H. Kettering opened negotiations

with the appellants concerning the purchase by respondent and Kettering of this business. In reply to respondent's inquiry during the first conversation concerning the price, the appellant C. R. Foster stated that they wanted $8,000 for the goodwill and business plus the inventory value of the stock of accessories and automobiles, to which the respondent replied that he did not have a great deal of cash on hand, but that he did have a piece of property for sale and that if he could dispose of the property he would consider the purchase of the agency. During all of the subsequent negotiations the making of final arrangements was stated to be conditional upon a sale of this property by respondent. It also appears that no definite agreement was ever arrived at. At one time the appellants offered to turn over the business to the respondent upon a cash payment of $8,000 and agreed to make arrangements by which the remainder could be paid later, and finally they agreed to accept a cash payment of from $5,000 to $6,000. These negotiations continued from some time in December through January, February and into March. During this time the appellants induced the respondent to pay three different sums of money as follows: January 11, 1924, $200; January 19, 1924, $1,000; and January 30, 1924, $300. The receipt for the first payment recited that it was a deposit "to be returned if the deal is not accepted by the Chevrolet Motor Company of California." The receipt for the second payment contained a similar statement, but the third receipt was silent with respect thereto. On two or three occasions the respondent or Mr. Kettering asked the appellant C. R. Foster if the deal would be accepted by the Chevrolet Motor Company if only a part of the purchase price were paid in cash, to which the latter responded that he did not think it was necessary to let the company know everything that was done. Finally, on March 28, 1924, Mr. Kettering wrote a letter to a Mr. Ray Wilson, assistant sales manager of the Chevrolet Company, who had the authority to pass upon such matters, and asked if the latter would consider their taking over the agency with an investment of from $5,000 to $8,000, allowing Foster to carry the remainder. Mr. Wilson replied to this question by saying that much more capital would be required regretting the inability of respondent and Kettering "to go ahead with the proposition." Some time during

the month of February, according to the testimony of appellant C. R. Foster, the respondent and Kettering told him that he could let the Compton agency go and they would take the Watts place, but that they never discussed the "price of the Watts agency separate from the Compton agency." After Mr. Wilson's failure to approve the proposed deal, the respondent brought this action to recover the sums paid to appellants.

The appellants contend that the respondent was only entitled to recover in the event the Chevrolet Motor Company refused to approve a transfer to respondent, which refusal it was incumbent upon the respondent to prove. Further they assert that respondent failed to prove a refusal on the part of the Chevrolet Company; that the findings which indicate that the court so found are without support in the evidence; and, lastly, that inasmuch as the receipt for the sum of $300 did not contain the clause that this sum was to be returned in the event the "deal is not accepted by the Chevrolet Motor Company," the finding of the court to the effect that appellants promised to return the entire sum of $1500 if the deal were not approved is also without support.

■ We think the whole argument of appellants is builded upon a false foundation. In one finding of the court it is said: "The full terms and conditions of the sale were never fully settled" and in another, "that it was never determined just what portions of the property should be included in said inventory and it was never determined when or in what manner the price for said business should be paid. . . . The parties hereto never at any time reached any agreement as to just when or how the property which they were negotiating should be transferred or paid for, or the conditions under which said transfer should be made." Obviously, these portions of the findings support the conclusion of law drawn by the court that the respondent should recover back the sum he had paid in anticipation of reaching a definite agreement, and equally apparent it is that the facts which we have recited sustain the quoted findings.

■ Furthermore the approval of the Chevrolet Motor Company was essential to the completion of a contract of transfer, even if we disregard the writing. The agreement contemplated that respondent and his associates should become the agents of the company under, according to the

testimony, the authority of the assistant sales manager, Mr. Wilson. When this gentleman failed to accept respondent and Kettering as the successors of appellants, upon the proposal to pay down only from $5,000 to $8,000 respondent brought himself both within the letter of the written promise and the spirit and intent of all the negotiations.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.