[Civ. No. 5497. Third Appellate District.—January 30, 1936.]

JOSEPH BLAKE, Appellant, v. ALEXANDER MOSHER, Respondent.

Bradford, Cross & Prior for Appellant.

Huston, Huston & Huston for Respondent.

PLUMMER, J.—Action begun for money had and received. Defendant had judgment and the plaintiff appeals.

The complaint in this action (omitting the title and the prayer) contains three paragraphs, as follows:

"I.

"That within two years last past, in the County of Yolo, State of California, defendant above named became indebted to plaintiff above named in the sum of Fifteen Hundred Dollars ($1,500.00) on account of moneys had and received by said defendant for the use, and for the benefit of said plaintiff.

"II.

"That plaintiff has demanded the payment of said Fifteen Hundred Dollars ($1,500.00) but defendant refused, and still refuses to pay same.

"III.

"That the sum of Fifteen Hundred Dollars ($1,500.00) is now due, owing and unpaid from defendant to plaintiff with interest thereon at the rate of 7% per annum from the 15th day of November, 1934."

The answer contains only general denials.

At the termination of the trial the court made the following findings of fact:

1. That all of the allegations of paragraphs I and III of the complaint are untrue;

2. That all the allegations of paragraph II of the complaint are untrue.

Based upon the foregoing findings, the court drew its conclusion of law that the plaintiff was not entitled to recover, and the defendant was entitled to his costs.

The action in this case arose out of negotiations looking to a sale to the plaintiff of a store business at Clarksburg, owned and conducted by the defendant.

It would appear that some conference had been engaged in between Mrs. Lucinda M. Blake, acting as agent for the

534

plaintiff, and the defendant Mosher, relative to the purchase and sale of the property just referred to. On October 29, 1934, it appears that Mrs. Blake paid to the defendant the sum of $1,500. At that time the following instruction in writing was executed:

"Oct. 29, 1934.

Received of Mrs. L. M. Blake the sum of Fifteen Hundred ($1500.) A. M.

~~Eight Hundred Dollars ($800.)~~ L.M.B.

as part payment on my stock and equipment at Clarksburg. The total purchase price being four thousand dollars dollars ($4000.).

Payable, two thousand cash ($2000.) and two thousand dollars ($2000.) in a note well secured.

AL MOSHER.''

The record contains absolutely no testimony concerning the meeting of the minds of the parties as to the terms and conditions of the proposed sale. It does appear, however, that on a certain day the plaintiff in this action and the defendant had a conference at which time they did not reach any terms as to the proposed sale, nor was there any agreement reached which would add to, or explain the terms of the writing dated October 29, 1934. At this conference the plaintiff called the deal off, and asked for the repayment of the $1500. The repayment of this sum has not been made by the defendant, although frequent demand has been made therefor.

Respondent first raises the point that the action is not by the real party in interest. We do not need to set forth the testimony relating to this question, but it clearly appears therefrom that Joseph Blake, the plaintiff in this action, was the real principal, and that Mrs. Blake was simply acting as his agent. We may state, however, the court made no finding as to this question.

In the argument of counsel both for the appellant and for the respondent attention has been called to the questions of rescission, abandonment, and unjust enrichment of the defendant. ■ By reason of the fact that the testimony in this case, including the writing of October 29, 1934, shows that no valid contract was ever entered into between the plaintiff and the defendant relative to the sale and purchase

of the store belonging to the defendant, it is unnecessary for us to devote any time to questions of rescission and abandonment. While the writing dated October 29, 1934, does acknowledge receipt of $1500 and set forth the total purchase price as $4,000, and that $2,000 shall be paid in cash, it is absolutely blank as to the terms and conditions of the $2,000 to be evidenced by a note. There is nothing in the writing, nor is there anything in the testimony indicating that the parties ever agreed as to the time of payment of the $2,000 to be evidenced by a note; nor is there anything in the testimony nor in the agreement itself, as to how the $2,000 note is to be "well secured"; whether it is to be secured by a mortgage on property owned by the plaintiff, or whether it is to be secured by the plaintiff obtaining the signatures thereto of persons considered financially responsible, does not appear; nor is there anything in the record, nor in the testimony indicating who was to determine how the note should be secured, or who should determine whether the note was "well secured". There being no meeting of minds upon this essential question, no binding contract was ever entered into. A reading of the writing shows conclusively that neither one of the parties could maintain an action for specific performance by reason of the failure not only of the testimony, but of the writing, to contain essential terms.

In 13 C. J., page 263, we find the following on the subject of mutual agreements: "In order that there may be an agreement, the parties must have a distinct intention common to both, and without doubt or difference. Until all understand alike, there can be no assent, and therefore no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled or no mode is agreed on by which it may be settled, there is no agreement, although it is not necessary that all terms of a contract be settled by single act, but the parties may settle one contract at a time, and the contract shall become complete when the last term is agreed upon."

In 6 California Jurisprudence, page 43, the rule as to consent or meeting of minds is thus stated: "There can be no contract unless the minds of the parties have met and mutually agreed. Consent is not mutual unless all parties agree upon the same thing in the same sense. The minds of

contracting parties must draw together and become as one touching the subject matter and the terms and conditions, before the contract is consummated. . . . The rule that an agreement, to be binding as a contract, must embrace all the terms the parties intend to introduce, is general in California, whether the question arises in a suit for specific performance in an action to foreclose a mortgage, in an action to quiet title, or in an action for damages. Where there is a misunderstanding as to the terms of a contract, neither party is liable in law or equity. And where a contract is a unit, and left uncertain in one particular, the whole will be regarded as only inchoate, because the parties have not been *ad idem,* and therefore, neither is bound.'' And further, in the same volume, section 142, dealing with contracts, the law is further stated in this language: ''A contract sought to be enforced must at all events be so certain that its meaning can be ascertained. An indefinite contract cannot be enforced because the courts cannot know what the parties agreed upon.''

■ The record shows that after the conference to which we have referred, the defendant took possession of the store; in fact, that the plaintiff is shown to have been temporarily in possession only for a limited portion of one day. The defendant also testified that he had suffered no damage. The defendant not having suffered any damage, the principle of law relating to unjust enrichment applies, and the defendant was under obligations to repay the $1500 to the plaintiff. (*First Nat. Bank* v. *Matlock,* 99 Okl. 150 [226 Pac. 328, 36 A. L. R. 1088] ; *Blank* v. *Rodgers,* 82 Cal. App. 35 [255 Pac. 235] ; *Damerel* v. *North American B. & M. Co.,* 133 Cal. 290 [24 Pac. (2d) 237].)

In the case of *Blank* v. *Rodgers, supra,* we find the following: ''From the declarations of the complaint there is thus a showing of an unjust enrichment of the defendant at the expense of the plaintiff from which follows the legal conclusion that plaintiff is entitled to relief to the extent of the reasonable value of his improvements.'' (Citing a number of authorities.) The circumstances involved in that case related to improvements made by the plaintiff on property belonging to the defendant. The same principle would apply here to the $1500 paid by the plaintiff to the defendant. ■ That an action for money had and received is proper, see the case of *Anderson* v. *Berger,* 101 Cal. App. 728 [282 Pac. 416].

We quote from the opinion: "An action for money had and received lies against any person who is in possession of funds which in equity and good conscience he should pay to the plaintiff." (Citing authorities.)

It follows from what we have said that judgment in this case should have been entered in favor of the plaintiff; and to the end that further litigation and costs may be avoided.

It is hereby ordered that the findings of fact made by the trial court be set aside, and the following substituted therefor:

That all the allegations of the plaintiff's complaint are true and correct; that the conclusions of law drawn by the trial court be set aside, and the following substituted therefor:

The court deduces the following conclusions of law from the foregoing findings of fact: That the plaintiff is entitled to judgment against the defendant, as prayed for in his complaint.

It is further ordered that upon the findings and conclusions of law so drawn, judgment be entered in favor of the plaintiff as prayed for in his complaint.

Judgment reversed with directions.

Thompson, J., and Pullen, P. J., concurred.