[Civ. No. 7596. Third Dist. Aug. 20, 1949.]

EUGENE GOEHRING, Appellant, v. STOCKTON MORRIS PLAN COMPANY (a Corporation), Respondent.

Mazzera, Snyder & DeMartini for Appellant.

Lafayette J. Smallpage for Respondent.

ADAMS, P. J.—This is an appeal by plaintiff from a judgment entered upon a directed verdict in favor of Stockton Morris Plan Company, defendant and respondent.

The facts are that early in 1946 one Joseph Blay was the owner of a 1941 Buick Century Sedanette automobile on which he had procured a loan from respondent. In connection with that transaction respondent took over Blay's certificate of ownership and procured from S. N. Potter, agent for certain insurance companies, a policy insuring Blay, as owner, and respondent, as their interests might appear, against loss from damage to the automobile. The term of the

policy was from April 22, 1946, to April 22, 1947. Respondent paid for that insurance a premium of $82.95, which amount was charged to Blay's account.

On November 19, 1946, Blay sold the automobile to appellant, a part of the consideration being that appellant would pay respondent the balance owing to it on Blay's loan. On the same day, Blay and appellant went together to respondent's office in Stockton and there, at the collection counter, met Mrs. Elvyn Hill, the "cashier-teller" for respondent. Blay told Mrs. Hill he had sold his automobile to appellant who would pay the balance due on his loan, and asked her for the amount thereof. She procured the record and figured the balance due to be $331.20 on the principal of the loan, $82.95 paid for insurance premium, $5.81 interest on the money advanced for the insurance premium, and $3.70 Motor Vehicle Department fees, a total of $423.66, less a rebate, not explained, of $2.28, leaving a balance due of $421.38. Appellant handed Mrs. Hill his blank check and she filled it out for $421.38 payable to respondent, and appellant signed it and gave it to her. Thereupon Blay signed his certificate of ownership over to appellant and gave respondent written instructions to surrender and deliver to appellant the certificate of ownership and the insurance policy. Mrs. Hill advised them respondent would hold the documents until appellant's check cleared through the bank and then would mail the documents to appellant. About six days later appellant received the documents from respondent through the mail. He did not read the policy when he received it but "put it away." He testified at the trial that he thought it was in his name. However, the evidence shows, and it is not disputed, that the policy was not changed and that Blay remained as the insured named therein.

Appellant testified that when Blay and he were transacting the business with Mrs. Hill, she told appellant there was insurance on the automobile and asked him whether he wanted to keep the insurance and he replied: "I might as well"; that he then asked her if the papers would be in order when they were mailed to him and she said they would be. On the policy respondent noted that its interest was satisfied on November 25, 1946. Appellant also testified that Mrs. Hill told him the policy would be transferred and sent to him. No transfer of Blay's interest in the policy was made.

On January 18, 1947, in an accident, the automobile was damaged beyond repair and appellant sold it for $300. Three

days later he reported the loss to respondent's office in person and was there advised that respondent had no interest in the matter. He was referred to Mr. Potter, the insurance agent. He went to Mr. Potter, showed him the policy and was told that he was not insured. Thereupon Mr. Potter accompanied appellant to Brown Brothers, insurance adjusters in Stockton, where a complete report of the accident was taken, and appellant made out a claim for the damage to his automobile. Thereafter he was notified that his claim for damages was denied by the insurance companies "inasmuch as neither their office or Agent S. N. Potter were notified of the assignment of interest." On May 28, 1947, appellant commenced this action to recover from respondent the amount of the damage to his automobile, on the alleged theory that respondent had promised to transfer the policy of insurance from Blay to appellant so as to make it payable to appellant, but had failed and refused to do so. In its answer respondent denied that it failed or refused to transfer the policy to appellant or to cause it to be made payable to him, and alleged that at no time did appellant request of respondent that he be substituted in the place of Blay as the insured thereunder.

We are mindful of the rule governing trial courts in directing verdicts, which rule, as stated in such cases as *Tschumy* v. *Brook's Market*, 79 Cal.App.2d 556, 558 [180 P.2d 933], and *Weck* v. *Los Angeles County Flood Control Dist.*, 80 Cal. App.2d 182, 190 [181 P.2d 935], and cases therein cited, is that: "A directed verdict may be ordered only when conflicting evidence is disregarded and plaintiff's evidence is given the value to which it is legally entitled, indulging all legitimate inferences that may be drawn therefrom, and the result is that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff. A motion for a directed verdict concedes as true all evidence given on behalf of plaintiff with all fair and reasonable inferences to be deduced therefrom, and even though the court might be justified in granting a new trial in the event of a verdict in favor of plaintiff it would not be justified in directing a verdict on the same evidence."

Summarizing the evidence produced by appellant it amounts to this: When he paid off the Blay loan Mrs. Hill told him there was insurance on the car and asked him whether he wanted to keep the insurance and he replied: "I might as well." He then asked her if the papers would be in order when they were mailed to him and she replied that they

would be. He thought the policy was in his name. She said the policy would be transferred and sent to him, and he received it about November 25, 1946. He did not read it, and "put it away." The accident happened nearly two months after he received the policy, and in that time he did not examine it or inquire as to whether he had been substituted as the insured in the place of Blay. In all his transactions with respondent appellant did not request that his name be substituted as the insured in the policy nor did respondent promise to cause such substitution to be made. Respondent was not an agent for the insurer or any insurance company and had no authority to make such a substitution.

In view of the foregoing we are of the opinion that giving appellant's evidence all the value to which it was legally entitled, and indulging all legitimate inferences that could be drawn therefrom, it was not of sufficient substantiality to support a verdict for appellant. It does not show any contract between the parties which was sufficiently certain to entitle plaintiff to relief. This court, in *Sarina* v. *Pedrotti,* 103 Cal.App. 203, 208 [284 P. 472], quoting from *Talmadge* v. *Arrowhead R. Co.,* 101 Cal. 367, 371, held [35 P. 1000] : "It is well settled that no action will lie to enforce the performance of a contract, or to recover damages for its breach, unless it be complete and certain; . . ."

This court, in *Blake* v. *Mosher,* 11 Cal.App.2d 532, 535 [54 P.2d 492], quoted from 13 Corpus Juris, page 263, as follows: "In order that there may be an agreement, the parties must have a distinct intention common to both, and without doubt or difference. Until all understand alike, there can be no assent, and therefore no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled or no mode is agreed on by which it may be settled, there is no agreement, . . . " It also quoted 6 California Jurisprudence, page 43, where it is said: "There can be no contract unless the minds of the parties have met and mutually agreed. Consent is not mutual unless all parties agree upon the same thing in the same sense," and page 216, where it states: "A contract sought to be enforced must, at all events, be so certain that its meaning can be ascertained; an indefinite contract cannot be enforced because the courts cannot know to what the parties agreed."

In *Reymond* v. *Laboudigue,* 148 Cal. 691, 694 [84 P. 189], the court quoted with approval the following from 26 Ameri-

can and English Encyclopedia of Law (2d ed.), page 33: "The contract sought to be enforced must, at all events, be so certain that its meaning can be ascertained, as an indefinite contract cannot be enforced, because the courts do not know what the parties agreed. The meaning and intent of the parties should be placed beyond the bounds of mere conjecture by full and clear proof." Also, see *Wineburgh* v. *Gay*, 27 Cal.App. 603, 605 [150 P. 1003].

Appellant has cited several cases claiming they support his contentions. Those cases have been examined and we find they are not applicable for the reason that each of them was founded upon a written contract between the parties and no uncertain terms were involved. In the instant case there was no previous contractual relation between appellant and respondent and there was no agreement that the automobile in question would be insured. It was insured because the respondent always insisted on insurance when a loan was made, to protect the loan. In this case the moment the Blay loan was paid off respondent ceased to have any further interest in the automobile or insurance thereon, and no further contractual relationship existed between respondent and either Blay or the appellant. Respondent noted on the policy that its interest therein was satisfied, and there is no evidence that it undertook to have Blay's interest therein transferred to plaintiff. The evidence is too uncertain to support a conclusion that a new contract was made between respondent and appellant, and there was no consideration for any such contract.

For the foregoing reasons the judgment is affirmed.

Thompson, J., and Peek, J., concurred.