[Civ. No. 14357.  First Dist., Div. Two.  July 21, 1950.]

CHARLES WILLIAM MOORE et al., Respondents, v.
WILBER WHITE, Appellant.

W. R. Dunn and Raymond W. White for Appellant.

Wood & Proffitt for Respondents.

GOODELL, J.—This is an appeal from a judgment for
$2,000 and interest, based on a complaint for money had and
received by appellant for respondents' use and benefit.

Respondents owned a home in San Leandro which they de-
sired to sell, and appellant owned a multiple dwelling in Oak-
land which was for sale.  Respondents' purpose in selling
was to reinvest the proceeds in flats.  They were satisfied with
appellant's property and orally agreed on the price of $17,000
therefor.  Appellant required a down payment of $2,000 but
would not agree to the escrowing of the money since he had
need for it in connection with another piece of property of
his, and respondents agreed to pay the money without an es-
crow.

Respondents told appellant that the time of their payment
of the remaining $15,000 would necessarily be indefinite be-
cause they first had to sell their San Leandro property (which
was already on the market) and did not know when its sale
would be accomplished.  They said it might be a matter of

months or weeks but expressed the hope that it would be soon. Appellant expressed himself as fully understanding respondents' problem and said it would be all right with him, but that the time could not be left altogether indefinite.

Respondents' down payment of $2,000 was made at once, and they were given a receipt reading as follows:

"Oakland Calif. Oct. 18, 1947.

"Contract agreement to be made as per oral arrangement.

"Total purchase price $17,000.00.

"Received of Mr. & Mrs. Charles W. Moore the sum of two thousand Dollars $2,000.00 as payment on Property at 166-164 Athol.

"Amount of Account $2,000.00 paid by cash.

Wilber White."

On November 18, a formal written contract of sale, prepared by appellant (who was a real estate broker) was presented by him to respondents for execution, dated back, as of October 18, the date of the receipt. It recited the total price of $17,000, acknowledged receipt of the $2,000, and provided *inter alia* that the balance of $15,000 was "to be paid in cash on or before ninety (90) days from the date hereinbefore written, namely by January 18th, 1948."

Respondents refused to sign for the reason that it was not in accordance with their oral agreement. Appellant refused to change the 90-day provision and respondents on December 11, 1947, notified him in writing that they would not go forward with the purchase, and demanded the return of the $2,000, which he refused to pay.

The court found that "In all of their negotiations with defendant, plaintiffs informed defendant and understood that the balance of the purchase price for defendant's property was to be paid and the sale consummated when plaintiffs had sold their home property . . . Said proposed written agreement of defendant was contrary to the terms and conditions of said oral agreement as understood and agreed by plaintiffs . . . There was a lack of mutuality between the parties . . . in that the minds of the plaintiffs and the defendant failed to meet on an essential element of the transaction, namely the time of payment of the balance of the purchase price of defendant's property." A conclusion of law was drawn in the same language with the addition that "The transaction did not ripen into a contract and defendant is holding" $2,000 "for the use and benefit of the plaintiffs."

The amended complaint tendered a very simple issue. The first count was for money had and received, while the second alleged the facts in some detail. The undisputed evidence shows the original receipt for $2,000 paid on account, containing the provision for "Contract agreement to be made as per oral arrangement." The evidence shows, further, that no such contract was ever signed for the simple reason that the proffered writing attempted to pin the respondents down to a $15,000 payment within two months (one month having already run by) whereas it was known that such payment could not be made until respondents had sold their San Leandro property. It was not necessary for the trial court to fix any blame on anyone for the failure of a meeting of the minds in this case. Such failure could arise as well from a mere misunderstanding as from design. However, no findings other than those made could have been made. That being so, the case falls squarely within the rule of the two cases upon which respondents chiefly rely, neither of which has been distinguished by appellant.

The first is *Schreyer* v. *Foster*, 98 Cal.App. 706 [277 P. 506] which involved the sale of two automobile agencies where a down payment of $1,500 was made, but the minds of the parties never met on the terms or conditions of the sale. The judgment that the buyer was entitled to recover back his $1,500 was affirmed.

The second is *Blake* v. *Mosher*, 11 Cal.App.2d 532 [54 P.2d 492], which involved the sale by defendant to plaintiff of "stock and equipment at Clarksburg" for $4,000. As in the instant case, the buyer made a down payment ($1,500) and was given a receipt, which provided for $2,000 down "and two thousand dollars ($2000.) in a note well secured." The action was for money had and received, to recover back the $1,500, after the parties had reached an impasse in their negotiations. The trial court gave the defendant judgment for costs which was reversed on appeal, the court holding that there had been no meeting of the minds. The basis for the decision was simply *unjust enrichment* arising from such failure. The court pointed out that the receipt left the questions wide open as to the time of payment of the $2,000 note and the manner in which it was to be "well secured."

*Blake* v. *Mosher, supra,* is followed in *Goehring* v. *Stockton Morris Plan Co.,* 93 Cal.App.2d 417, 420 [209 P.2d 41], where other leading cases on the subject are cited, including *Talmadge* v. *Arrowhead R. Co.,* 101 Cal. 367, 371 [35 P. 1000],

*Reymond* v. *Laboudigue,* 148 Cal. 691, 694 [84 P. 189] and *Wineburgh* v. *Gay,* 27 Cal.App. 603, 604 [150 P. 1003]. Also cited in the Goehring case are 6 Cal.Jur. 43 and 6 Cal.Jur. 216.

In *Mason* v. *Rose* (2d Circ. 1949), 176 F.2d 486, 489, *Blake* v. *Mosher* is cited as a representative authority in the following statement: "If . . . it be assumed that an English court would look to the law of California, we find nothing in the California decisions which would lead to a different result. In that state, as in every other, a contract must be definite enough for a court to be able to ascertain what is the stipulated performance. *Van Slyke* v. *Broadway Ins. Co.,* 115 Cal 644, 47 P. 689, 690, . . . *Wineburgh* v. *Gay,* 27 Cal. App. 603, 150 P. 1003; *Blake* v. *Mosher,* 11 Cal.App.2d 532, 54 P.2d 492, 494."

We would not attempt to state appellant's contentions otherwise than in counsel's own language. They say: "The parties having agreed in their pleadings and evidence that there was a completed contract *certain in its terms and the sole issue being as to one of the terms,* the court should have determined that issue if it was material in the light of the fact that respondents breached their contract, *whatever it was.*" (Emphasis added.)

This and their argument that "the pleadings and the evidence show an executory contract enforceable against appellant" and that "where parties present an issue as to a term or terms of an oral agreement, the duty of the courts is to determine the issues so presented—not to strike down the contract itself" show a refusal on appellant's part to face the realities of this case. On evidence which for the most part was uncontradicted, the court found that no contract was made, and in the face of that finding appellant's various arguments, based, as they are, on premises which are at war with the case made by the pleadings, the evidence and the findings, are wholly untenable. To discuss them or to review the cases cited would serve no useful purpose.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.