[Civ. No. 19687.   Second Dist., Div. One.   Aug. 3, 1953.]

RALPH MARIANI, Appellant, v. NONA H. STEELE et al., Respondents.

Ben C. Cohen and Alfred Lubin for Appellant.

Myron W. Silverton for Respondents.

DRAPEAU, J.—Plaintiff, Ralph Mariani, purchased two city lots from defendant, Nona H. Steele, for $2,500.   They did not put the deal through escrow and have the title searched and insured.   Plaintiff paid the money and took delivery of the deed.

Mrs. Steele testified:

"A.   Mr. Mariani told me he made a loan on those there lots without going into escrow and that paved the way to save that expense.   He didn't want to pay it and he had just Jewed me down to $2,500.

"Q. Did you tell him not to go into escrow at any time?

"A. No, he said he didn't want to."

Mr. Mariani testified that he figured out himself the property must be clear "and went through with the deal."

But, like the girl who counted her chickens before they were hatched, Mr. Mariani's figuring wasn't so good. For a few days after the deed was delivered he received a title report, with the information that there was a judgment lien upon the property.

The judgment had been rendered when the title was in a Mrs. Starr. Thereafter Mrs. Starr conveyed to Mrs. Steele, to avoid foreclosure of a trust deed securing a loan from Mrs. Steele to Mrs. Starr.

The judgment was not only against Mrs. Starr, but against Mr. Mariani as well. Mr. Mariani admitted that he knew about the judgment. The execution had been levied against his interest in the property and Mrs. Starr's. The execution and the marshal's certificate of sale thereunder had been recorded in the office of the county recorder before Mrs. Steele conveyed to Mr. Mariani.

Eventually Mr. Mariani was evicted from the premises by the record owner under the execution sale.

Then Mr. Mariani sued Mrs. Steele for the purchase price of the lots.

It is unnecessary to discuss the rights of the other party defendant named in the amended complaint, Alfred Keizer. His only connection with the case is that he owned for a time other property in which Mrs. Steele had a beneficial interest.

Issues were tried without a jury, findings and judgment were for defendants, from which judgment plaintiff appeals.

Mrs. Steele testified that prior to Mr. Mariani's purchase she did not know of the judgment lien; also that after Mr. Mariani's "discovery" of it, she offered to "undo the deal" with him.

She said:

"A. I told him we would undo that deal. I said, 'You return the lots and I will return you your money,' and then he laughed and he said, 'Oh, it is nothing to worry about,' and he said that his attorney told him that the filing of that paper, whatever it was, didn't mean a thing and he needn't pay any attention to it. He said, 'Why, they can't do a thing.' That is what he told me.

"Q. Did you offer to return him any money at that time if he would give you the lots back?

"A. I told him he would get his money back and the cost of the transfer would be paid by me.

"Q. What, if anything, did he say to your offer to return the money?

"A. He said he wanted to keep the lots; he would take the chance."

Mrs. Steele finally offered Mr. Mariani $4,000; but he said he wanted $4,000 and would keep the lots too.

The trial judge pertinently summed up the case when he told plaintiff it would have been better for him to have kept his conscience clear; that he had tried to take advantage of a woman 94 years of age, who couldn't see very well; and that, in any event, the judge believed defendant's version of the transaction and not plaintiff's.

Whether Mr. Mariani had been damaged in the sum of $2,500, or whether there was a failure of consideration and unjust enrichment of Mrs. Steele, or whether there was a mutual mistake of fact as to the title, liens and encumbrances concerning the property all were questions of fact submitted to the trial judge for decision.

It is the traditional rule in this state that when two or more inferences can be reasonably deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

Plaintiff relies upon *Lenchner* v. *Chase*, 98 Cal.App.2d 794 [220 P.2d 921], and *Moore* v. *White*, 98 Cal.App.2d 510 [220 P.2d 918]. Neither case is in point here, for the reason that the evidence in both cases was uncontradicted, and no complete sale of property was involved.

The findings find substantial support in the evidence, and the judgment is affirmed.

White, P. J., and Doran, J., concurred.