273 P.2d 93]

[Civ. No. 20085.   Second Dist., Div. Three.   Aug. 3, 1954.]

JOSEPH B. GOULD, Appellant, v. HELENE CALLAN, Respondent.

Gitelson, Ashton, Moore & Coyle and Edward B. Olsen for Appellant.

Gwyn S. Redwine for Respondent.

VALLÉE, J.—Plaintiff appeals from a judgment denying him a decree of specific performance of a written contract for the conveyance of real property. The trial court held that the contract, evidenced by escrow instructions, is too uncertain and indefinite to constitute an enforceable or binding agreement.

The contract was entered into on June 16, 1952. Plaintiff was the purported buyer; defendant Callan the purported seller. The property consisted of four lots in Los Angeles on

which were a market, a parking lot, and a billboard. The purchase price was $65,000. No cash deposit was required or made. The price was to be paid as follows: (1) $20,000 in cash, the proceeds of a loan to be obtained by defendant, payable $212.13 a month including 5 per cent interest, all due in 10 years, secured by a deed of trust, a first lien on the property; and (2) a promissory note in the principal sum of $45,000 to be executed by plaintiff in favor of defendant, payable $200 or more a month including 5 per cent interest, commencing September 1, 1952, and continuing until September 1, 1962, at which time the monthly payments would increase to $300 or more a month including 5 per cent interest and continuing until September 1, 1972, at which time the total unpaid balance of principal and interest would become due and payable, secured by a deed of trust, a second lien on the property.

The contract contained the following provision: ''The 2nd Trust Deed mentioned on page 1 hereof to provide for subordination on following basis: In the event the trustor [plaintiff] should erect a building on subject property at a total building cost of not less than $75,000.00 or more than $300,000.00, then Beneficiary agrees to subordinate said Trust Deed to the lien of a first trust deed not to exceed 60% of the true building cost. In the event of such subordination then the payments on said Second Trust Deed loan to be $400.00 or more per month, including 5% interest.'' It also provided that the escrow instructions were to be complied with by August 16th.

Prior to August 16th defendant cancelled the escrow instructions. Thereafter plaintiff brought this suit for specific performance of the contract.

The court found the terms of the contract and that the contract is too uncertain and indefinite to constitute an enforceable or binding agreement since there is no provision made in the agreement as to the amount of interest which the obligation secured by the first deed of trust shall bear, nor is there any provision made as to the terms of the payment of the obligation to be secured by said first deed of trust. Judgment was for defendant. Plaintiff appeals.

The part of the contract which the court found is uncertain and indefinite is that provision which provides for the subordination of the second deed of trust to a lien of a first deed of trust to be executed in the event plaintiff should decide to construct a building on the property.

■ Plaintiff says the finding that the contract is too indefinite and uncertain to constitute an enforceable or binding agreement is not a finding of an ultimate fact but a conclusion of law, and that no facts are found from which it follows that the contract is indefinite and uncertain. Assuming a mere finding that a contract is indefinite and uncertain is a conclusion of law, plaintiff is in error. The contract is made a part of the findings and, as we have stated, the court found the ultimate facts that make it indefinite and uncertain. Further, as a conclusion of law, the court stated that the contract is too indefinite and uncertain to constitute an enforceable or binding agreement.

Section 3390, subdivision 6, of the Civil Code includes among the obligations which cannot be specifically enforced, "an agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable." ■ "A contract to be binding must be definite and certain. (*Goehring* v. *Stockton Morris Plan Co.*, 93 Cal.App.2d 417, 420-421 [209 P.2d 41].) A contract will not be enforced unless it is complete and certain. (*Blake* v. *Mosher*, 11 Cal.App. 2d 532, 535-536 [54 P.2d 492].) ■ Where a party seeks specfic performance of a contract, the terms of the contract must be certain and definite in all particulars essential to its enforcement. A court must be able to say what is the stipulated performance. (*Moore* v. *White*, 98 Cal.App.2d 510, 513 [220 P.2d 918].)'' (*Colorado Corp., Ltd.* v. *Smith*, 121 Cal. App.2d 374, 376 [263 P.2d 79].) ■ A contract for the sale of realty will not be specifically enforced unless it not only contains all the material terms, but also expresses each in a reasonably definite manner. (*Buckmaster* v. *Bertram*, 186 Cal. 673, 676 [200 P. 610] ; *Roberts* v. *Lebrain*, 113 Cal. App.2d 712, 716 [248 P.2d 810].) This general principle has been applied in denying specific enforcement of contracts which were incomplete, indefinite or uncertain, with respect to the terms of payment of deferred balances or the terms of the incumbrances representing such deferred balances. (*Mills* v. *Skaggs*, 64 Cal.App.2d 656, 658-659 [149 P.2d 204] ; *Mariposa Commercial & Min. Co.* v. *Peters*, 215 Cal. 134 [8 P.2d 849] ; *Buckmaster* v. *Bertram*, 186 Cal. 673 [200 P. 610] ; *Burnett* v. *Kullak*, 76 Cal. 535 [18 P. 401].) ■ Uncertainty as to the terms and conditions of deferred payments is fatal to a claim for specific performance. (*Klein* v. *Markarian*, 175 Cal. 37, 40 [165 P. 3].)

■ The subordination provision is incomplete in its state-

ment of the obligation to be secured by the first deed of trust. It is silent as to the amount of interest, the length of time it is to run, and the terms of payment. Gardner, a realtor who represented defendant in the transaction, testifying in behalf of plaintiff, stated that at the time the escrow instructions were executed it was understood the subordination agreement would be prepared at a subsequent date by defendant's attorney and he was to approve its final form; the length of time the new first deed of trust would be on had not been previously discussed; the terms and conditions were to be prepared in a form which would be acceptable to and insurable by the Los Angeles Title and Trust Company.

■ If something is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Since either party, by the very terms of the promise, may refuse to agree to anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise. (*Ridgway* v. *Chase*, 122 Cal.App.2d 840, 849 [265 P.2d 603].)

■ It is asserted that defendant waived the subordination clause. The contention cannot be sustained. Shortly after the contract was signed negotiations were commenced and conducted by Gardner and defendant's attorney with plaintiff relative to the subordination clause. Defendant offered to reduce the purchase price by $5,000, if plaintiff would waive his right to have the second deed of trust subordinated to the construction deed of trust and if plaintiff would increase the payments on the second deed of trust to $300 a month. Plaintiff agreed to remove the subordination clause and to have the price cut $5,000, but he would not consent to an increase in the monthly payments. Defendant "dropped" that proposal. On August 15, plaintiff, defendant's attorney, and Gardner met in the attorney's office. The terms of the proposed subordination agreement were discussed, and an attempt was made to reach an agreement as to the rate of interest the obligation to be secured by the first deed of trust was to bear and as to the terms of the payment of the principal; however, the parties did not come to any understanding. Plaintiff would not agree to the payment of less than 10 per cent interest and the making of the length of the loan 20 years, nor would he agree as to what the amount and terms of payment of the principal should be. The evidence fully supports the implied finding that defendant did not waive the subordination clause.

The failure of the subordination clause to state the amount of interest and the terms and conditions of payment of the obligation to be secured by the first deed of trust makes the contract uncertain and indefinite. The provisions are material and essential to a contract providing for a deed of trust as security for an obligation, and their absence is fatal to the claim for specific performance. The indefiniteness, uncertainty, and absence of all of the indicated material and substantial terms of the alleged contract justified the trial court in denying specific performance.

Since the findings of fact with respect to the indefiniteness and uncertainty of the contract support the judgment, it is unnecessary to consider whether other findings are supported by the evidence.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied August 24, 1954, and appellant's petition for a hearing by the Supreme Court was denied September 30, 1954.