[Civ. No. 15700.   Second Dist., Div. Two.   June 4, 1947.]

WALTER KLINE, Appellant, v. G. P. ROGERSON, Respondent.

George R. Maury for Appellant.

Mitchell & Gold and Seymour Gold for Respondent.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendant after trial before the court without a jury in an action to recover upon a check signed by defendant upon which he had stopped payment.

The essential facts are these:

In September of 1945, defendant met Thomas J. Quigley, a real estate broker. Thereafter the broker displayed to defendant plaintiff's ranch which was for sale. On October 18, 1945, defendant executed a check in favor of Thomas J. Quigley in the sum of $10,000 which was handed to one of Mr. Quigley's agents, Mrs. Gray. The following day plaintiff, defendant, Mr. Quigley, and Mrs. Gray returned to plaintiff's ranch where a discussion relative to the property ensued which resulted in plaintiff and defendant executing a deposit receipt.[1] Thereafter plaintiff, defendant, and Mr. Quigley went to a branch of the Bank of America and opened an escrow. The deposit receipt and the check above referred to, endorsed by Mr. Quigley to the escrow holder, which endorsement contained the escrow number, were handed to the escrow

---

[1]The deposit receipt reads as follows:

### "DEPOSIT RECEIPT

Northridge, California 10/18 1945

"Receive from G. P. Rogerson the sum of Ten Thousand Dollars as a deposit on account of purchase price of following described property, situate 11000 Winetka County of L. A. State of Cal. to-wit: Approx. 23. acres at 11000 Winetka Northridge subject to conditions, restrictions, reservations, and rights-of-way now of record. Purchase price to be $52,500.00 Dollars. Balance of purchase price to be paid as follows: total of 20,000 cash thru escrow, assume loan of approx $9000.00 and balance at five thousand or more per year plus interest at 5% or terms to mutual satisfaction.

"And it is hereby agreed: That in the event said purchaser shall fail to pay the balance of said purchase price or fail to complete the purchase as herein provided, the amount paid hereon may, at the option of the Agent, be retained as the consideration for the execution of this agreement.

"That the current taxes, insurance, rents and interest of said property shall be pro-rated.

"That the evidence of title is to be in the form of policy of title insurance issued by a responsible title company and to be furnished and paid for by the Seller.

"That any monies received are subject to owner's approval.

"That this offer expires ............ days from date hereof.

T. J. Quigley, Broker
G. P. Rogerson

"I agree to purchase the above described property on the terms and conditions herein stated.

........................................... Purchaser ........................................... Purchaser

---

"I agree to sell the above described property on terms and condition herein stated, and agree to pay the above signed agent as commission the sum of five per cent, or one-half of the deposit in case same is retained by agent, provided same shall not exceed full amount of the commission.

........................................... Seller          Wally Kline, Seller."

clerk. A preliminary sheet for the use of the bank in preparing escrow instructions was filled in. Written escrow instructions were to be drawn by the escrow clerk and later signed by the parties. Defendant agreed that the check which he had given to Mr. Quigley should be placed in the escrow. Thereafter plaintiff and his wife signed escrow instructions prepared by the bank and delivered to the escrow holder a deed, a statement of identity and a fire insurance policy. Defendant did not sign the escrow instructions and on October 23, 1945, ordered payment stopped on the check which he had given to Mr. Quigley. On October 24, 1945, Mr. Gold, attorney for defendant, asked the escrow holder to send him a copy of the conditions and restrictions "subject to the approval of the buyer" and a bill of sale for certain garden tools, and stated that, "the transaction was contingent on payments on the second for $2,000 a year instead of $5,000" a year, to be "subject to the approval of the buyer."

Plaintiff indicated his willingness to accept the request of defendant except as to the payment of $2,000 per year instead of $5,000 per year. Thereafter plaintiff cancelled negotiations with defendant and brought suit upon the check executed by defendant.

■ This is the sole question presented for our determination:

*Was plaintiff the owner or holder of the check executed by defendant?*

This question must be answered in the negative. It is conceded (1) that the check was not made payable to plaintiff, (2) that the check was not delivered to plaintiff, and (3) that defendant did not sign the escrow instructions. Therefore plaintiff has utterly failed to show any title or right to the check or to enforce the obligation represented by the check.

■ The deposit receipt signed by defendant did not constitute an agreement of purchase and sale by the parties since it expressly provided that the balance of the purchase price was to. be paid "at $5,000 or more per year, plus interest at 5% or terms *to mutual satisfaction.*" Since the parties never agreed upon terms which were mutually satisfactory, there was never an agreement of purchase and sale. Hence the plaintiff was not entitled to any portion of the purchase price. ■ Neither is there any merit in plaintiff's contention that he is entitled to the $10,000 because the preliminary agreement provided that if the sales were not completed the agent might retain the amount deposited as con-

sideration for the execution of the agreement. The agent is not plaintiff here nor is there any showing that he exercised an option to retain the deposit as consideration for the agreement, nor did he assign to plaintiff any right under the check.

Cases such as *Cavanaugh* v. *Casselman*, 88 Cal. 543 [26 P. 515]; *Easton* v. *Montgomery*, 90 Cal. 307 [27 P. 280, 25 Am. St.Rep. 123]; *Searles* v. *Gonzalez*, 191 Cal. 426 [216 P. 1003, 28 A.L.R. 78]; and *Thompson* v. *Walsh*, 76 Cal.App.2d 188 [172 P.2d 745], are not applicable to the facts of the instant case for the reason that in each of the cited cases the factual situation was entirely different from that here presented.

Since there was no evidence that plaintiff was the owner or holder of the check in question, the trial court properly found in accord with the evidence that plaintiff was not entitled to the proceeds thereof.

Judgment affirmed.

Moore, P. J., and Wilson, J., concurred.