[Civ. No. 17502.   Second Dist., Div. Two.   July 24, 1950.]

ABRAHAM SALOMON et al., Appellants, v. BERNARD COOPER et al., Respondents.

Mindlin & Levy and Victor L. Mindlin for Appellants.

David C. Marcus for Respondents.

MOORE, P. J.—Appellants as vendors sued to enforce performance of a contract for the sale of real property and in the alternative for damages. At the trial appellants waived their right of action to enforce performance and stood upon their demand for damages.

The writing, alleged to contain the obligations of respondents, acknowledges receipt of $250 as a deposit on account of the purchase of the property which was sold "subject to pro rate taxes for fiscal year 1948, conditions, restrictions . . . of record . . . for the purchase price of $20,800. and bonds of record with an unpaid balance" not named, "the balance of the purchase price is to be placed in escrow with Citizens National Trust and Savings Bank of Los Angeles [branch not designated] within 60 days from the date hereof, as follows, to-wit: cash: ———, Buyer to pay all cash up to present first trust deed and assume the prevailing trust deed, Seller to furnish termite clearance by licensed inspector . . . to pay for scraping of floor in dining room of lower apt. Heater to be installed at the Sellers expense in upper apt. Buyer to give a note of returning $15.00 per mo. if seller moves before 30 months.

"And it is hereby agreed: 1st—That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall be retained by seller in consideration of accepting this agreement."

No amount of scrutiny of the document declared upon has brought to light those provisions essential to an enforceable contract for the purchase of realty. The writing provides that the vendor is to receive a nonassignable lease at $50 per month but not a term of the lease is specified other than the monthly payments and its duration. Since a lease of realty for a period longer than one year is not valid unless in writing, it follows that one important consideration (Civ. Code, § 1624, subd. 4) for the contract of sale has not been agreed upon. By reason of the absence of vital factors from the contract it is wanting in mutuality and is consequently without binding effect. (*Wineburgh* v. *Gay*, 27 Cal.App. 603, 605 [150 P. 1003].)

An action for damages for breach of contract to convey land will not lie unless the contract is complete and certain both as to subject matter and parties. (*Talmadge* v. *Arrowhead R. Co.*, 101 Cal. 367, 371 [35 P. 1000]; *Sarina* v. *Pedrotti*, 103 Cal.App. 203, 208 [284 P. 472].) The writing which

purports to be a memorial of such an agreement must contain its essential terms and material elements without recourse to parol evidence of the intention of the contracting parties. (*Seymour* v. *Oelrichs,* 156 Cal. 782, 787 [106 P. 88, 134 Am.St. Rep. 154].) An agreement to agree at a future time is nothing and will not support an action for damages. (*Dillingham* v. *Dahlgren,* 52 Cal.App. 322, 330 [198 P. 832].) ▮ It is indispensable to a valid memorandum of an agreement to sell and convey land that it be complete evidence of the terms to which the parties have assented. If it establishes that there was in fact no contract, if it discloses that upon essential and material terms the minds of the parties did not meet and that such terms were left open for future settlement, then there is no binding obligation upon the seller to convey or the buyer to accept and pay for the land. It will be regarded as merely an inchoate effort. Implications will not be indulged. (*Breckenridge* v. *Crocker,* 78 Cal. 529, 537 [21 P. 179]; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N.Y. 310, 314 [110 N.E. 619].)

Appellants have striven industriously to establish that (1) the document sued on is a contract of sale and not a mere option; (2) the forfeiture provision relating to the "deposit on account" does not constitute a provision for liquidated damages in event of vendee's default; (3) the forfeiture clause is invalid under section 1670 of the Civil Code; and (4) a vendor is not obliged to repay vendee the moneys paid on the purchase price as a condition to the maintenance of an action for damages. Such considerations are beside the point where there is no valid agreement of sale.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.