[Civ. No. 19412.   Second Dist., Div. Two.   Nov. 4, 1953.]

CLASEN E. BURGESS, Appellant, v. GEORGE E. RODOM et al., Defendants; JANE E. RODOM, Respondent.

Elizabeth H. McCarthy for Appellant.

Arden T. Jensen for Respondent.

FOX, J.—Plaintiff seeks to recover damages for breach of contract to purchase real property. The demurrer of the defendant-vendee, Jane E. Rodom, to plaintiff's second amended

complaint was sustained. Plaintiff declined to amend further. Judgment was accordingly entered that plaintiff take nothing. It is from this judgment that plaintiff appeals.

The agreement upon which the seller predicates his right of action acknowledges receipt of $200 as a deposit on the purchase price of the property and provides that "The balance of the purchase price [$5,000.] is to be paid within *30* days from date hereof, as follows, to-wit: *Terms to be made as soon as new purchaser arranges for new mortgage now held by Santa Ynez Valley Bank to Burgess* (the seller)." The italicized portion of the agreement was inserted by handwriting in the blanks in a "deposit receipt" (California Real Estate Association Standard Form), which was signed by the plaintiff and defendant Jane E. Rodom but not signed by her husband, George.

Respondent contends that the agreement is lacking in essential elements and is fatally uncertain. Hence no cause of action is stated. Her position is well founded.

■ An action for damages for breach of contract for the purchase or sale of real property will not lie unless the writing contains the essential terms and material elements of such an agreement without recourse to parol evidence of the intention of the contracting parties. (*Salomon* v. *Cooper,* 98 Cal. App.2d 521, 522-523 [220 P.2d 774] ; *Dillingham* v. *Dahlgren,* 52 Cal.App. 322, 326-327 [198 P. 832].) ■ The law does not provide a remedy for breach of an agreement to agree in the future, and the court may not speculate upon what the parties will agree. (*Autry* v. *Republic Productions, Inc.,* 30 Cal.2d 144, 151, 152 [180 P.2d 888] ; *Vangel* v. *Vangel,* 116 Cal.App.2d 615, 631 [254 P.2d 919].) ■ Hence, as pointed out in *Salomon* v. *Cooper, supra,* page 523: "It is indispensable to a valid memorandum of an agreement to sell and convey land that it be complete evidence of the terms to which the parties have assented. If it establishes that there was in fact no contract, if it discloses that upon essential and material terms the minds of the parties did not meet and that such terms were left open for future settlement, then there is no binding obligation upon the seller to convey or the buyer to accept and pay for the land. It will be regarded as merely an inchoate effort. Implications will not be indulged. [Citations.]"

■ Applying these principles, it is clear that the deposit receipt is incomplete in one essential feature, viz., the terms

upon which the balance of the purchase price is to be paid. The deposit of $200 represents only approximately 4 per cent of the purchase price. It appears to have been contemplated that the remaining 96 per cent would be partially financed through a new mortgage at the bank and some other arrangements made for paying or securing the balance. Hence, the handwritten insertion of the provision: ''Terms to be made as soon as new purchaser arranges for new mortgage now held'' by the bank. How this balance would be paid, whether in monthly, quarterly, semiannual or annual installments, or at the end of a specified term of years does not appear. Likewise, absent is the rate of interest. The security, if any, to be provided for this balance, whatever it might be, is not specified. These are all important items, yet agreement with respect to each of them was ''left open for future settlement.'' It is therefore established from the language which the parties painstakingly wrote into the blank space in the deposit receipt that their minds had not met upon these essential and material terms of the deal. They had simply agreed to agree upon terms in the future. In such circumstances there was no binding obligation upon the buyer to accept and pay for the land. (*Salomon* v. *Cooper, supra*; *Dillingham* v. *Dahlgren, supra*; *Wineburgh* v. *Gay*, 27 Cal.App. 603, 605 [150 P. 1003].)

The decision in *Kline* v. *Rogerson*, 80 Cal.App.2d 158 [181 P.2d 385], is particularly pertinent here. It is stated on page 160 that ''The deposit receipt signed by defendant did not constitute an agreement of purchase and sale by the parties since it expressly provided that the balance of the purchase price was to be paid 'at $5,000 or more per year, plus interest at 5% or terms *to mutual satisfaction.*' Since the parties never agreed upon terms which were mutually satisfactory, there was never an agreement of purchase and sale.''

Plaintiff suggests that the contract calls for payment in cash in 30 days. He would treat as surplusage the handwritten addition. This, of course, he is not at liberty to do. Not only must all the provisions of the deposit receipt relating to payment and terms be read together, but in case of inconsistency the handwritten portion takes precedence over the printed part. (Code Civ. Proc., § 1862; Civ. Code, § 1651; *Body-Steffner Co.* v. *Flotill Products, Inc.*, 63 Cal.App.2d 555, 561 [147 P.2d 84].)

Plaintiff offers to supply the absent elements of an enforceable agreement by proving that respondent arranged for a loan at the bank for $2,200; that she had more than

$2,800 in her account (but not in the escrow) at the bank; and that she moved into the property, remaining for about three weeks and moving out because of alleged misrepresentations relative to its construction. Such proof would be *aliunde* the writing and is not admissible for the purpose of establishing an essential and material feature of the abortive agreement. (*Salomon* v. *Cooper, supra; Dillingham* v. *Dahlgren, supra; Wineburgh* v. *Gay, supra.*)

In view of our conclusion that no cause of action is stated it becomes unnecessary to consider other questions raised by counsel.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.