[Civ. No. 15974. First Dist., Div. Two. Oct. 19, 1954.]

BOOKER W. TOTTY et al., Respondents, v. JOSEPH
AZEVEDO et al., Appellants.

Alfred Nelson for Appellants.

Edises, Treuhaft, Grossman & Grogan and David F. Roddan
for Respondents.

KAUFMAN, J.—This is an appeal from a judgment for
damages in the sum of $1,000 in favor of respondents Booker
W. Totty and Audrey V. Totty and against appellants Joseph
and Mary Azevedo, for a breach in bad faith by said ap-
pellants of a contract in writing for the sale of realty. The

168

court found the damages to be the sum of $1,000, the amount by which the actual value of the property exceeded the contract price of $9,000. Damages in the sum of $350 were awarded to Robert M. Edwards, real estate broker, on his cross-complaint against defendants for the commission he would have received, if the contract had been performed.

Appellants contend that the broker's damages in the sum of $350 are erroneous, inasmuch as cross-complainant's claim was for two-thirds of the broker's commission of 5 per cent on the purchase price of $9,000 or $300. Respondents concede at the outset that judgment in favor of cross-complainant should be in the sum of $300 and state that a typographical error occurred in the findings and judgment. The findings recite that cross-complainant had a contract with cross-defendants Joseph and Mary Azevedo, and Fanny and Ruth Frederick, partners under the firm name of L. S. Frederick, for a commission of two-thirds of 5 per cent of the selling price of the property. At the end of the trial the court asked respondent's attorney to prepare findings and stated that the evidence was sufficient to sustain a judgment in favor of cross-complainant for $300. The judgment in favor of cross-complainant should therefore be amended to read $300 instead of $350.

The contract on which this action was based consists of a deposit receipt form of the Affiliated Brokers, dated September 19, 1950, which was filled out by the broker and signed by Booker W. Totty and Audrey Totty as purchasers. It was accepted and signed by Joseph T. Azevedo and Mary M. Azevedo as seller, on September 20, 1950. On September 20, 1950, the Tottys deposited $2,500, specified in the deposit receipt as the down payment required, with the Alameda County Title Company. Thereafter, the Azevedos, with the L. B. Frederick realty firm acting as broker, conveyed the property to other parties by a deed which bore date of October 3, 1950, and for a price of $10,000. This sale was handled by appellants Fanny and Ruth Frederick who received a commission of $500.

Appellants in their pleadings raised the sole defense that the contract had been procured by fraudulent representations as to the financial worth of the prospective buyers. It is stated in the answer that the Azevedos conveyed the property "to persons other than plaintiffs solely by reason of the fact that plaintiffs had misrepresented to defendants their financial position and ability to pay the price for said prop-

erty under the terms and conditions stipulated in the instrument in writing mentioned in plaintiffs' First Amended Complaint.''

The trial court found that it was not true that the deposit receipt was signed subject to an investigation to be made as to the credit standing and financial ability of plaintiffs; that it was not understood at the time of signing the instrument that said instrument should not be binding until such time as the financial ability and credit standing of plaintiffs had been approved by the Azevedos and Fredericks; that it was not true that plaintiffs represented that they had their own money and savings in the sum of $2,500; that it was not true that plaintiffs represented to defendants that they had only two children and were obligated for the support of only two children at the time of signing said instrument. These findings are abundantly supported by the evidence. Defendants offered no evidence in contradiction of plaintiffs' testimony as to his financial worth at the time he signed the contract. They appear to contend that the fact that plaintiffs had six children must as a matter of law be subject to the sole inference that they were in precarious financial condition. Appellants do not attack the sufficiency of the evidence to support the aforesaid findings, as indeed they could not in view of the record herein. The findings dispose of all issues raised by the pleadings.

Now for the first time, on appeal, appellants attack the written document as too incomplete to be considered as a written contract on which a suit for damages may be based. It is very clear that defendants' theory at the trial was that the written contract did not take effect because of misrepresentations of plaintiffs as to their financial worth.

It is a rule of appellate review that questions not raised in the trial court will not be considered on appeal. (3 Cal.Jur.2d 604, § 140, and cases there cited.) Furthermore, a party cannot try a case on one theory and then on appeal shift to an entirely different theory not even suggested on the trial of the case. (3 Cal.Jur.2d 607, § 142.) We do not here have one of the exceptional situations presented which can be urged on appeal although not raised at the trial, such as lack of jurisdiction or the failure to state a cause of action. Appellants filed no general or special demurrer to the amended complaint as far as can be ascertained from the record herein. The only demurrer filed was

in regard to the amended cross-complaint of the broker, Edwards.

Appellants in their brief set forth 26 questions in which they attempt to point out uncertainties in the deposit receipt. Appellants admit that the degree of certainty in damage actions need not be as great as in suits for specific performance. They also admit that some of the points of uncertainty might possibly be eliminated by evidence of usage or custom, had there been such evidence. It may be noted that if they had questioned the document as to these details at the trial, the other party would have had an opportunity to supply such evidence. Appellants again generalize and do not even state which points they think might have been cleared up in this manner.

The deposit receipt here involved provides for a purchase price of $9,000, the balance of the price to be paid within 10 days as follows: "$2500.00 down including the above deposit balance of 6500.00 to be carried back by seller, secured by note and 1st Deed of Trust payable at 75.00 or more per mo including 6% per annum." In the amended complaint it is stated that plaintiffs agreed to deliver into a certain escrow account the down payment of $2,500 on or before a certain date, with the balance to be secured by a first deed of trust payable at $75 or more per month, including interest at 6 per cent per annum. That both plaintiffs and defendants understood each other as to the details of the first deed of trust is obvious, for in their answer appellants stated that plaintiff Totty informed them that he "was easily able to maintain said monthly payments of seventy-five dollars ($75.00) each, together with taxes and other obligations provided for in the trust deed mentioned in Paragraph II . . ." They further alleged that they would not have become a party to the written instrument if they had known of certain burdens upon plaintiffs and "plaintiffs' inability to maintain the payments and obligations required in said trust deed." There are two other similar references to the trust deed in appellants' answer. In view of these admissions in the pleadings, it ill behooves appellants now to ask on appeal such questions as they do in their brief: "Who is to sign the trust deed? Who is to sign the note? Is real or personal property to be subject to the terms of the trust deed? Who is to pay taxes on the sold property after occupation by the purchaser?"

As pointed out by respondents, the contract is specific and

certain as to parties, subject matter, total price, down payment, form of security as to unpaid balance, amount of payments, interest rate and other particulars. If appellants feel that there are any ambiguities in the expression of these essential terms, the points should have been raised at the trial.

Appellants cite several cases without discussion of the fact situations involved in which contracts have been held lacking in essential elements. The cases cited, however, involve situations where some essential term is left open to future negotiations, so that a final contract has not been really entered into and the court cannot therefore supply by implication the term which the parties will agree upon. (*Avalon Products, Inc.* v. *Lentini,* 98 Cal.App.2d 177 [219 P.2d 485]; *Kline* v. *Rogerson,* 80 Cal.App.2d 158 [181 P.2d 385]; *Moore* v. *White,* 98 Cal.App.2d 510 [220 P.2d 918]; *Salomon* v. *Cooper,* 98 Cal. App.2d 521 [220 P.2d 774]; *Kerr Glass Mfg. Corp.* v. *Elizabeth Arden Sales Corp.,* 61 Cal.App.2d 55 [141 P.2d 938]; *Dillingham* v. *Dahlgren,* 52 Cal.App. 322 [198 P. 832].) *Berverdor, Inc.* v. *Salyer Farms,* 97 Cal.App.2d 459 [218 P.2d 138], *Hiller* v. *King,* 105 Cal.App.2d 181 [232 P.2d 905], and *Autry* v. *Republic Productions, Inc.,* 30 Cal.2d 144 [180 P.2d 888], are not at all comparable on the facts and are cited for their reiteration of the rule that an agreement that the parties will in the future make such contract as they may then agree upon, amounts to nothing. The cases of *Scott's Valley Fruit Exch.* v. *Growers Refrigeration Co.,* 81 Cal.App.2d 437 [184 P.2d 183], and *Wineburgh* v. *Gay,* 27 Cal.App. 603 [150 P. 1003], cited by appellants, are distinguishable on the facts. The first case is concerned with incorporation by reference of an existing document, and the latter involves a memo preliminary to a contract.

Appellants cite several cases that are not pertinent in this type of action because they deal with the refusal to grant specific performance for lack of certainty. (*Seymour* v. *Shaeffer,* 82 Cal.App.2d 823 [187 P.2d 95]; *Dickey* v. *Pattison,* 92 Cal. App.2d 659 [207 P.2d 1081]; *Roberts* v. *Lebrain,* 113 Cal.App. 2d 712 [248 P.2d 810]; *Chandler* v. *Hollingsworth,* 96 Cal. App. 472 [274 P. 581]; *Beal* v. *United Properties Co.,* 46 Cal. App. 287 [189 P. 346].) There are many agreements that are not subject to specific performance but which may be the basis for actions for damages. (*Stanton* v. *Singleton,* 126 Cal. 657 [59 P. 146, 47 L.R.A. 334].)

Appellants cite also, *Clifford* v. *Utt,* 62 Cal.App. 460 [216 P. 972], as a case upholding the principle that to be valid a

contract must specify the terms of the trust deed. In that case, however, the question was raised in the trial court. In the present case the appellants by their own pleadings, as noted earlier, demonstrated that they were not in doubt as to the essential terms of the deed of trust that was to secure the balance of the purchase price.

In view of the foregoing we conclude that this appeal is lacking in merit and accordingly the judgment in favor of respondents Booker W. Totty and Audrey Totty in the sum of $1,000 is affirmed and the judgment in favor of Robert M. Edwards is amended and modified to the sum of $300 and as so modified this judgment is affirmed. All of the respondents shall recover their costs on appeal.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied November 18, 1954, and appellants' petition for a hearing by the Supreme Court was denied December 15, 1954.