An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KOHLMOOS ENTERPRISES, A
NEVADA LIMITED LIABILITY
COMPANY DOING BUSINESS AS
KENTERPRISES,
Appellant/Cross-Respondent,
vs.
PINES, LLC; ATS PROPERTIES, LLC;
HALCYON ASSET MANAGEMENT
LLC; BCD&S INVESTMENTS, LLC;
CAU PROPERTIES, LLC; DEBARD
PINES, LLC; SMOKEY PINES, LLC;
CEPHALONIA LLC; TLM
PROPERTIES, LLC; FULLER PINES,
LLC; STIPHER-THOMAS, LLC;
SHAKSTAR, LLC; BENEDETTI, LLC;
CET HOLDINGS, LLC; SNOWLAKE,
LLC; KEVIN G. JENNINGS; FARIBA
JENNINGS; KIM A. ADAMSON;
DEANN ADAMSON; CRAIG D. LUCAS;
JOHN B. CLEARMAN; SHERYL A.
KLEARMAN; AND WHISPERING
PINES VISTA, LLC,
Respondents/Cross-Appellants.

No. 58911

**FILED**

SEP 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### *ORDER OF REVERSAL*

Appeal from a district court judgment in a contracts action and appeal from a post-judgment order denying a motion for new trial. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Kohlmoos Enterprises owns two parcels of partially developed property subject to roadway easements for use by respondent

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28803

Pines, LLC.[1] Due to steep topography, the parties began negotiations to relocate the easements. Following a mutual exchange of assurances that an agreement would be reached, Pines submitted a tentative map for the City of Reno's approval. Negotiations subsequently deteriorated and Kohlmoos refused to relocate the easements.

Pines brought an action in district court, arguing that Kohlmoos had breached an agreement to relocate the easements and seeking specific performance. The district court found that although the parties had not agreed to exact locations for the new easements, they had entered into an agreement to negotiate in good faith. Concluding that Kohlmoos breached this agreement and that the proposed easements were the only feasible location, the district court awarded specific performance pursuant to Pines' tentative map.

Nevada abides by traditional jurisprudence that agreements to agree are generally too indefinite to enforce as final agreements. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005); *City of Reno v. Silver State Flying Serv.*, 84 Nev. 170, 176, 438 P.2d 257, 261 (1968) (noting that "'[a]n agreement to agree at a future time is nothing and will not support an action for damages'" (quoting *Salomon v. Cooper*, 220 P.2d 774, 775 (Cal. Ct. App. 1950))). After reviewing the record and the briefs presented on appeal, we decline to recognize at this time the enforceability of a preliminary agreement that requires the parties to negotiate in good

---

[1]Pines is an entity created by the owners of land parcels surrounding Kenterprises' property. As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

faith. Nor does the record include sufficient evidence of intent or definite terms to support a conclusion that the parties agreed to negotiate in good faith. Accordingly, we

ORDER the judgment of the district court REVERSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Brent T. Adams, District Judge
     Madelyn Shipman, Settlement Judge
     Snell & Wilmer, LLP/Reno
     Maupin, Cox & LeGoy
     Washoe District Court Clerk